ROHM v STROUD

1. DEATH—WRONGFUL DEATH—DAMAGES—PARENT AND CHILD—SERV-
ICES—EARNINGS.

A parent is entitled to a child's services during minority; money
earned outside the home is only one, usually small, aspect of
those services and the formula by which "cost of future keep"
is deducted from "probable contributed earnings" to arrive
at pecuniary loss was never written into the wrongful death
statute (MCLA 600.2922).

2. DEATH—WRONGFUL DEATH—DAMAGES—PARENT AND CHILD—SERV-
ICES.

A parent is not required to show economic dependency on his
child in order to recover for loss of the child's services in a
wrongful death action; neither is he required to show that
services were actually rendered or likely to be demanded in
the future.

3. DEATH—PARENT AND CHILD—NEGLIGENCE—SERVICES.

A parent, entitled to the services of his minor child, suffers a
pecuniary loss when wrongfully deprived of those services by
the negligent act of another.

4. DEATH—WRONGFUL DEATH—DAMAGES—PARENT AND CHILD—SERV-
ICES—PRESUMPTIONS.

One invariable presumption, which is constant in all child wrong-
ful death cases, is that the value to the parent of the services
of a minor child is *at least* as great as the amount expended
by the parent on the child's support, maintenance, and edu-
cation.

5. DEATH — DAMAGES — PARENT AND CHILD — SERVICES — PRESUMP-
TIONS.

Parents are at least entitled to the presumption that a child is
worth his keep, and the negligent act which snuffs out their

REFERENCE FOR POINTS IN HEADNOTES
[1-6] 22 Am Jur 2d, Death §§ 133, 147–150.

child's life deprives them of services at least equal to the amount of their pecuniary outlay.

6. DEATH—WRONGFUL DEATH—DAMAGES.

Judgment in a wrongful death action by parents of a 14-year-old child which included $8,400 for loss of investment in the child's life on the basis of $600 per year for each of 14 years should be affirmed.

Appeal from Court of Appeals, Division 2, Danhof, P. J., and Bronson and O'Hara, JJ., affirming Oakland, Arthur E. Moore, J. Submitted January 4, 1972. (No. 2 January Term 1972, Docket No. 53,611.) Decided February 25, 1972.

35 Mich App 257 affirmed.

Complaint by James H. Rohm, administrator of the estate of Cheryl R. Rohm, against Merrill Stroud and Thomas J. Macko for damages for wrongful death. Judgment for plaintiff. Defendants appealed to the Court of Appeals. Affirmed. Defendants appeal. Affirmed.

*Sauer, Girard & Sterling,* for plaintiff.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *Joseph B. Bilitzke* and *Carl K. Carlsen,* Assistants Attorney General, for defendants.

T. E. BRENNAN, J. This is a wrongful death case. Decedent was 14 years of age.

The action was tried before a circuit judge, sitting without a jury. His decision in the amount of $23,869 was itemized in his findings of fact. One component of the verdict was an item of $8,400 representing the parents' loss of investment in the life of their deceased daughter.

That item of damage is challenged here. It constitutes the sole issue for our consideration.

Defendant argues, in effect, that *Breckon* v *Franklin Fuel Co,* 383 Mich 251 (1970), re-established the measure of damages in child wrongful death cases, as expounded in *Courtney* v *Apple,* 345 Mich 223 (1956).

The measure of damages in *Courtney* was stated in these words:

"In an action to recover damages for the negligent killing of a young child the trier of the facts is required, under the statute, to determine the difference between probably contributed earnings, during minority, to a parent, and the cost of maintaining and educating such child until majority."

The mischief of the *Courtney* rule was that it equated "contributed earnings" with "services".

A parent is entitled to a child's services during minority. Money earned outside the home is only one, usually small, aspect of those services. The formula by which "cost of future keep" is deducted from "probable contributed earnings" to arrive at pecuniary loss was never written into our statute.

A parent is not required to show economic dependency on his child in order to recover for loss of the child's services. Neither is the parent required to show that services were actually rendered or likely to be demanded in the future.

A parent may ask little or nothing of his child. From the parents' standpoint, the relationship may be all giving and no receiving.

But an insurance policy is not the less valuable because no claim is made under it. And the legal entitlement to services does not atrophy because not called upon.

A parent, entitled to the services of his minor

child, does suffer a pecuniary loss when wrongfully deprived of those services by the negligent act of another.

What then, are the value of those services? How does one compute the dollar amount?

Individual cases, of course, will vary. A myriad of factors needs to be considered, including the age, health and capabilities of the deceased.

But one invariable presumption remains which is constant in all child wrongful death cases.

The value to the parent of the services of a minor child is *at least* as great as the amount expended by the parent on the child's support, maintenance, and education.

An analogy to other damages might be useful. In tort cases generally, an injured party is entitled to recover for loss of earning capacity. In such cases, it is customary to prove actual lost wages.

Actual lost wages are not the true or total measure of damages, but actual earnings are conclusive upon the question of the minimum earning capacity.

Similarly, the cost of a child's services to the parent is highly probative upon the issue of the value of those services to the parent.

Of course, the services of a minor child are not rendered on a fiscal year or a calendar year basis. The right to the services of a minor child continues until the child reaches majority, and it is difficult to conclude that they are rendered in any determinable percentage until the child reaches majority.

In the instant case, the trial judge computed the loss of investment in the child's life on the basis of $600 per year for each of 14 years, totally $8,400.

Whether this amount be regarded as lost investment, or whether it be described as cost of services not yet performed, the rationale is the same. The parents have been wrongfully deprived of parental

rights and prerogatives having pecuniary value, and they are entitled to be compensated.

Of course, the costs already incurred do not constitute the total measure of the value of the services of a minor child, any more than actual earnings is conclusive upon the maximum earning capacity.

It is still competent for a parent claimant to show, in addition to past expenses, where circumstances exist, that future services will exceed in value both past and future costs of the child's maintenance, support and education.

Thus, the parents of a youthful baseball player killed on the eve of signing a substantial bonus contract are not limited to showing the actual cost of rearing their prodigy.

But the parents of less unique offspring are at least entitled to the presumption that a child is worth his keep, and the negligent act which snuffs out their child's life deprives them of services at least equal to the amount of their pecuniary outlay.

The judgment of the circuit court should be affirmed and that of the Court of Appeals is likewise affirmed. Costs to the appellee.

T. G. KAVANAGH, J., concurred with T. E. BRENNAN, J.

T. M. KAVANAGH, C. J., and BLACK, ADAMS, SWAINSON, and WILLIAMS, JJ., concurred in the result.