**Gayle GILBERT, As Administrator of the Estate of Edwin E. Gilbert, Deceased, Plaintiff and Appellant,**

v.

**Diane ROOT, Defendant and Appellee.**

**No. 12717.**

Supreme Court of South Dakota.

Considered on Briefs April 17, 1980.

Decided July 9, 1980.

George S. Mickelson of McCann, Martin & Mickelson, P. C., Brookings, for plaintiff and appellant.

W. A. Hackett of Austin, Hinderaker & Hackett, Watertown, for defendant and appellee.

GERKEN, Circuit Judge.

This is an action for wrongful death that was brought by the administrator of the estate of the decedent. Defendant admitted liability, and the only issue before the court was the question of damages.

The decedent was unmarried and retired from the United States Army in 1964 after twenty-two years of service and lived with his parents. His father died in 1970 and he continued to live with his mother until his death. He was employed by the Brookings city hospital-nursing home as a nurse's helper. Decedent's mother was nearly 86 and he was 57 at the time of his death. Except for a period of about one year, when she was confined to a nursing home because of a broken hip, decedent's mother was totally dependent on him for her day-to-day services. She was nearly blind and could walk only with the aid of a walker. Decedent did the household chores, both inside and outside, and prepared his mother's morning and evening meals. The noon meal was furnished by "Meals-on-Wheels."

Decedent, on a daily basis, would fix his mother's breakfast, see that she got out of bed and was bathed, that her bed was changed and her personal hygienic needs were attended to and that she was safely in bed when he left for work. Upon returning from work, he would repeat the morning chores concerning his mother and would see that she was safely in bed at night.

After decedent's death, a daughter lived with the mother, but she was not able to lift the mother in and out of bed as decedent had, nor was she trained as a nurse-helper.

The parties stipulated to actual damages of $4,456.20; the court awarded $12,000.00 to decedent's mother for the value of decedent's services. Plaintiff appeals, contending that the court erred (1) in precluding plaintiff's evidence about the cost of nursing home care as an element of pecuniary loss; (2) in ruling that plaintiff had to prove economic dependence; and (3) in awarding inadequate damages to compensate for the pecuniary loss.

I

Decedent's mother was totally dependent on decedent for her daily needs and services. She had to be helped in and out of bed, lifted in and out of the bathtub, have her meals prepared, her bed changed, her personal hygienic needs attended to, her house cleaned and maintained, and the yard and sidewalks maintained. Decedent furnished all of this care plus living with her, which her physical condition required.

There is no presumption in a death case that a parent has suffered a pecuniary loss for the death of an adult child, but the parent is entitled to prove the probability of loss, the value of loss, and that the adult child had the willingness and also the ability to furnish support for his parent. *Hodkinson v. Parker*, 70 S.D. 272, 16 N.W.2d 924 (1944).

Plaintiff attempted to introduce into evidence the cost of nursing home care, including past cost when decedent's mother was a patient at the time she suffered the broken hip, and the cost of nursing home care in the Brookings area, but was precluded from doing so by the trial court.

Decedent was able, by virtue of his training and experience, and willing to care for his mother and did in fact care for her. From common knowledge and ordinary experience in one's daily affairs of life, the trier of fact could not only consider the care Mrs. Gilbert required and received from her son, but also that it was the kind of service and care that a nursing home furnishes to its patients and the kind of care not commonly available elsewhere.

The mother is entitled to recover the pecuniary injury resulting from the death of her son, SDCL 21–5–7, and the method of proving pecuniary injury and the value of the services lost would be the cost of replacing the services. Accordingly, plaintiff should have been allowed to introduce

evidence pertaining to the cost of nursing home care in the Brookings area as one of the elements in determining damages.

## II

■ The burden is on the plaintiff in a wrongful death action to prove the pecuniary loss that resulted from the death of the decedent. Pecuniary loss means a loss which has money loss. *Anderson v. Lale*, 88 S.D. 111, 216 N.W.2d 152 (1974).

■ A parent is not required to show economic dependency on his child in order to recover for loss of the child's services. *Rohm v. Stroud*, 386 Mich. 693, 194 N.W.2d 307 (1972).

■ In determining damages, economic dependency must not be substituted for pecuniary loss. The plaintiff is not required to show economic dependency in order to prove pecuniary loss.

## III

In view of the court's holding on the foregoing issues, it is not necessary to rule on the adequacy of damages.

That part of the trial court's judgment that pertains to actual damages in the amount of $4,456.20 is affirmed. That portion of the judgment pertaining to damages for value of decedent's services is reversed and the case is remanded to the circuit court for the new trial on the issue of pecuniary damages.

All the Justices concur.

GERKEN, Circuit Judge, sitting for FOSHEIM, J., disqualified.