VIRGILIO *v.* HARTFIELD

HARTFIELD *v.* NAEYAERT.

1. PARTIES—THIRD-PARTY PRACTICE—CONTRIBUTION.

Third-party practice, as governed by court rule permits a defendant to bring into the action a person who is or may be liable to the third-party plaintiff, by right of contribution or otherwise, for all or part of plaintiff's claim against him (GCR 1963, 204.1).

2. INTOXICATING LIQUORS—UNLAWFUL SALE TO INTOXICATED PERSON —TORTS.

A bar owner who serves an intoxicated person intoxicants is not a joint tort-feasor in a tort committed by the intoxicated person.

3. SAME — UNLAWFUL SALE — INJURY BY INTOXICATED PERSON — STATUTES.

The liability of a bar owner for damages to persons injured by an intoxicated person to whom an unlawful sale of intoxicating liquor has been made is purely statutory and allows recovery for both actual and exemplary damages (CL 1961, § 436.22).

4. AUTOMOBILES—LIABILITY OF DRIVER—INTOXICATING LIQUORS.

The liability of an intoxicated motorist to a person exists for reasons other than by virtue of statute imposing liability for the unlawful sale of intoxicating liquor to an intoxicated person (CLS 1961, § 436.22).

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 39 Am Jur, Parties § 91.
Right of defendant in action for personal injury or death to bring in a joint tort-feasor not made a party by plaintiff. 78 ALR 580, 132 ALR 1424.
[2, 5] 30 Am Jur, Intoxicating Liquors § 546.
[3] 30 Am Jur, Intoxicating Liquors §§ 521, 525.
[4] 30 Am Jur, Intoxicating Liquors §§ 521, 525.
8 Am Jur 2d, Automobiles and Highway Traffic § 695.
[6] 18 Am Jur 2d, Contribution §§ 4, 35, 40.

5. TORTS — JOINT TORT-FEASORS — NEGLIGENCE — VIOLATION OF
   STATUTE.
   Actions of intoxicated driver which gave rise to action against
   him on theory of gross negligence would not be a joint tort-
   feasor with a person liable by reason of violation of statute
   not grounded on any theory of negligence, even though there
   is a single indivisible injury.

6. SAME—CONTRIBUTION—JOINT TORT-FEASORS—NEGLIGENCE.
   The right of contribution among joint tort-feasors exists because
   their liability arises under the common theory of negligence.

Appeal from Oakland; Pratt (Philip), J. Sub-
mitted Division 2 February 10, 1966, at Lansing.
(Docket Nos. 730, 731.)  Decided October 25, 1966.

Complaint by Charlotte Virgilio for herself and
as next friend of Linda Joan Virgilio and Charlene
Rose Virgilio, against Harry and Mabel Hartfield,
doing business as Hartfield's Bar, Harry Hartfield,
Jr., and United Bonding Insurance Company, their
insurer, and Wallace Coan, doing business as Sid
and Wally's Bar and his insurer, New Amsterdam
Casualty Company, under the dram shop act for
damages sustained by death of Joseph Virgilio.
Similar complaint by Helen Virgilio as next friend
of Vicki Lynn Virgilio, Deborah Ann Virgilio, Al-
bert Joseph Virgilio, and Michael John Virgilio,
against the same defendants. Third-party complaint
by Hartfields and their insurer against John Naey-
aert for contribution.  Third-party complaint dis-
missed.  Third-party plaintiffs appeal.  Affirmed.

*Seymour I. Caplan (George Stone, of counsel),*
for defendants and third-party plaintiffs Hartfield
and United Bonding Insurance Company.

*Hartman, Beier, Howlett & McConnell (Eugene
A. Moore, of counsel),* for third-party defendant.

T. G. KAVANAGH, J.  Joseph Virgilio, a passenger
in a car driven by John Naeyaert, was killed on July

10, 1963, when the car was involved in a collision. Charlotte Virgilio, Joseph's widow, brought suit in her own behalf and as next friend of their two minor daughters, Linda Joan and Charlene Rose Virgilio against Harry and Mabel Hartfield and Harry Hartfield, Jr., along with their insurance company, United Bonding Insurance Company, as well as Wallace Coan, owner of Sid and Wally's Bar and his insurance company, New Amsterdam Casualty Company.

Another suit was started against the same defendants by Helen Virgilio, Joseph's divorced wife, as next friend of their four children Vicki Lynn, Deborah Ann, Albert Joseph and Michael John Virgilio.

Both suits were brought under the dram shop act and alleged that the defendant bar owners served intoxicants to John Naeyaert when he was intoxicated and claimed damages as dependents of the decedent, Joseph Virgilio.

At pretrial the cases were ordered consolidated and the defendant's motion to add John Naeyaert as a third-party defendant was granted and third-party complaints were thereafter filed against him.

Thereafter the third-party defendant's motion to dismiss the third-party complaints was granted by the trial court and this appeal was taken from the order of dismissal.

Third-party practice is governed by the provisions of GCR 1963, 204.1 which permits a defendant to bring into the action "a person not a party to the action who is or may thereafter be liable to such third-party plaintiff, by right of contribution or otherwise, for all or part of plaintiff's claim against him."

Since no other basis for liability to the third-party plaintiff is asserted, the question for our determination is whether a bar owner who serves an intoxi-

cated person intoxicants is a joint tort-feasor in a tort committed by the intoxicated person. We hold he is not.

The obligation of a bar owner is created by the dram shop act* and allows for recovery of both actual and exemplary damages, said liability being purely statutory. Any obligation of the driver exists by virtue of some other reason and not by virtue of this statute.

The actions of the intoxicated driver have given rise to a separate suit against him on the theory of gross negligence. The defendant tavern keeper's liability is not grounded on any theory of negligence but arises because of violation of the statute. An active wrongdoer and persons liable by reason of statutory enactment are not joint tort-feasors even though there is a single indivisible injury. See *Geib* v. *Slater* (1948), 320 Mich 316; *Boucher* v. *Thomsen* (1950), 328 Mich 312 (20 ALR2d 1038); and *Varano* v. *Express Freight Lines, Inc.* (ED Wis 1959), 176 F Supp 71.

Among joint tort-feasors there is the right of contribution since their liability arises under the common theory of negligence. If a judgment is obtained against one tort-feasor, the other is liable to him for his pro rata share. Such is not the case here. The statute imposes liability solely on the tavern keeper and his surety and he has no right to contribution from the intoxicated driver. The tavern keeper is not jointly liable to the plaintiff in tort, therefore, he cannot be a joint tort-feasor. *Husted* v. *Consumers Power Company* (1965), 376 Mich 41.

Affirmed, costs to appellee.

LESINSKI, C. J., and QUINN, J., concurred.

---

* CLS 1961, § 436.22 [Stat Ann 1965 Cum Supp § 18,993].