BARTON *v* BENEDICT

OPINION OF THE COURT

1. INTOXICATING LIQUORS—DRAMSHOP ACT—DAMAGES.

The dramshop act is remedial in nature and should be so construed; the "actual" damages clause of the dramshop act should be interpreted as no more restrictive than the "pecuniary" damages provision of the wrongful death act.

2. INTOXICATING LIQUORS—DRAMSHOP ACT—DAMAGES.

Parents' damages in a dramshop action for the death of their minor child, if proven, include loss of their investment in the child's life; however, there is no right to recover for loss of companionship or mental suffering.

3. INTOXICATING LIQUORS—DRAMSHOP ACT—DAMAGES.

The dramshop act is both penal and remedial in nature because it provides for exemplary and actual damages; the exemplary damages are penal in nature while the actual damages are remedial and compensatory in nature (MCLA 436.22).

REFERENCES FOR POINTS IN HEADNOTES

[1] 45 Am Jur 2d, Intoxicating Liquors § 564.
  Right to recover under Civil Damage or Dramshop Act for death of intoxicated person, 64 ALR2d 705.
[2] 45 Am Jur 2d, Intoxicating Liquors § 568 *et seq.*
[3] 45 Am Jur 2d, Intoxicating Liquors § 608 *et seq.*
[4] 45 Am Jur 2d, Intoxicating Liquors § 569.
[5] 45 Am Jur 2d, Intoxicating Liquors § 564.

4. Intoxicating Liquors—Dramshop Act—Damages—Mitigation.
   A judgment rendered against a dramshop defendant was properly mitigated and set off by the amount of plaintiffs' prior consent judgment against the intoxicated driver who had caused the death of their minor child where the damages recovered from the driver were actual damages, including medical, hospital, funeral, and burial costs, and the damages recovered were not exemplary damages.

Concurrence in Part and Dissent in Part by Targonski, J.

5. Intoxicating Liquors—Dramshop Act—Damages—Mitigation.
   *A dramshop judgment against a tavern owner for actual damages should not be set off by a settlement for pecuniary damages with the defendant driver, because such a setoff amounts to contribution.*

Appeal from Oakland, Philip Pratt, J. Submitted Division 2 December 8, 1971, at Lansing. (Docket No. 11340.) Decided March 27, 1972.

Complaint by William Barton, administrator of the estate of Pamela Barton, deceased, and by William Barton and Beverly Barton, for themselves, against Rudolph R. Benedict, Wolverine Insurance Company, Fred H. Gabelman, William J. Pape, and Ohio Casualty Insurance Company, for damages under the dramshop act. Consent judgment in favor of plaintiffs against defendant Gabelman and Pape and against the driver who caused death of plaintiff's decedent. Judgment for plaintiffs against defendants Benedict and Wolverine Insurance Company set off by the amount of the consent judgment. Plaintiffs appeal. Reversed and remanded with instructions.

*Tony Ferris,* for plaintiffs.

*Metry, Metry, Sanom, Ashare & Goldman,* for defendants.

Before: McGREGOR, P. J., and BRONSON and TARGONSKI,* JJ.

McGREGOR, P. J.  On June 20, 1966, Pamela Barton, then 12 years of age, was killed as a result of the negligent operation of a motor vehicle by one Harold F. Anderson while he was intoxicated.  This action was brought under the dramshop act, MCLA 436.22; MSA 18.993, alleging that the defendants, Rudolph R. Benedict, doing business as Huntington Inn, and Fred H. Gabelman and William J. Pape, doing business as Courtesy Bar (hereinafter referred to as Huntington Inn and Courtesy Bar) violated the dramshop act by causing or contributing to the intoxication of the said Harold F. Anderson.

The Courtesy Bar and Harold F. Anderson entered into a consent judgment in favor of the plaintiffs in the amount of $750 each, or a total of $1,500. Trial was held as to the issues involving defendant Huntington Inn.

The only factual issue in dispute in the trial of this cause was as to the liability of defendant under the statute.  On that issue, the trial court found for the plaintiffs, holding that the defendant violated the provisions of the statute regarding the sale of intoxicating beverages to an intoxicated person.  The trial court found that the plaintiffs sustained their burden of proof in that regard and that the defendant was liable under the statute.

The parties stipulated that the accident in question was the proximate cause of the death of Pamela Barton, that the decedent was never conscious after the impact, and that she suffered no conscious pain or suffering.  It was further stipulated that the out-

---

* Former circuit judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

of-pocket expenses for medical and hospital care, and burial amounted to $2,332.04.

The first issue presented is whether, under the dramshop act, the plaintiffs could recover damages for the expense of the birth of the child, the expenses of raising the child, and the loss of companionship. The trial court decided this question against the plaintiffs and in favor of the defendant, and did not allow damages for expenses of the birth of the child, the raising of the child, and the loss of companionship.

The dramshop act provides:

"Every wife, husband, child, parent, guardian or other persons who shall be injured in person or property, means of support or otherwise, by an intoxicated person by reason of the unlawful selling, giving or furnishing to any such persons any intoxicating liquor, shall have a right of action  *  *  * against the person who shall by such selling or giving of any such liquor have caused or contributed to the intoxication of such person  *  *  *  and in any action provided for in this section, the plaintiff shall have the right to recover actual and exemplary damages  *  *  *  In case of the death of either party, the action or right of action given in this section shall survive to or against his or her executor or administrator  *  *  *  ."

It is apparent from the statute's language that the nature of the action, and therefore the measure of damages, is the same whether or not death results. Since the statute contains its own special survival provision, dramshop actions in death cases are properly brought under the dramshop act rather than the wrongful death act, MCLA 600.2922; MSA 27A.2922. *Genesee Merchants Bank & Trust Co v Bourrie,* 375 Mich 383 (1965). The dramshop act, MCLA 436.22, *supra,* provides for the recovery of

actual and exemplary damages for injuries to person or property, means of support, or otherwise. Since, in the instant case, the person killed was a minor, and the trial court found that there were not sufficient proofs of any future contributions by the child, the question becomes whether the cost of raising the child and the loss of companionship are "injuries to person or property  \*  \*  \*  or otherwise".

Since the dramshop act is remedial in nature, it should be construed liberally to meet those ends. See *LaBlue* v *Specker,* 358 Mich 558 (1960). It would therefore appear that the "actual" damages of the dramshop act should be interpreted as no more restrictive than the "pecuniary" damages of the wrongful death act.[1] If the measure of damages under the dramshop act is read to mean damages co-extensive with the "pecuniary" damages of the wrongful death act, it is clear that plaintiffs here should be allowed to prove and recover for their "investment in the life of the child", *i.e.,* the cost of raising the child from birth until the time of death. See *Rohm* v *Stroud,* 386 Mich 693 (1972); see also *Haupt* v *Yale Rubber Co,* 29 Mich App 225 (1970).[2]

There is not, however, any right to recover for loss of companionship or mental suffering. Loss of companionship or mental suffering has been allowed under the dramshop act for such loss of companionship and mental suffering which arises out of the fact that a previously sober man is rendered a drunkard as a result of illegal liquor sales. *Friend* v *Dunks,* 37 Mich 25 (1877); *Radley* v *Seider,* 99

[1] In *Mason* v *Lovins,* 24 Mich App 101 (1970), Judge LEVIN refers to the damages sustained by the plaintiffs in a dramshop action as being the "pecuniary loss".

[2] *Leave to appeal granted,* 384 Mich 813 (1971); appeal dismissed by stipulation.

Mich 431 (1894); *Lucker* v *Liske,* 111 Mich 683 (1897).

It has been held, however, that mental anguish resulting from an injury is not recoverable under the dramshop act. *Sissing* v *Beach,* 99 Mich 439 (1894); *Spray* v *Ayotte,* 161 Mich 593 (1910); *Billett* v *Michigan Bonding & Surety Co,* 195 Mich 202 (1917). Since loss of companionship can be considered to be merely a specific form of mental anguish, by inference damages for loss of companionship arising out of injury or death would not be recoverable under the dramshop act. See also *Breckon* v *Franklin Fuel Co,* 383 Mich 251 (1970), where it was held that loss of companionship was not includable as pecuniary damages.

It would appear that the proper measure of damages which would be recoverable by the parents for the death of their minor child in a dramshop action, if proven, would be: (1) cost of medical care arising out of the accident (and, by inference, the cost of burial),[3] *Thomas* v *Dansby,* 74 Mich 398 (1889); *Spencer* v *Johnson,* 185 Mich 85 (1915); (2) loss of support (which would include any loss of services or income over and above the future cost of raising the child; (3) loss of their investment in the life of the child; and (4) exemplary damages, if wilfulness is proven. Consequently, it was error for the trial court to hold, as a matter of law, that plaintiffs could not recover for the loss of their investment in the life of their child.

The second issue raised on appeal is whether or not the judgment rendered in a subsequent dramshop action can be mitigated and set off by the

---

[3] There is some authority to the effect that the cost of medical, hospital, funeral, and burial expenses are properly brought only by the estate of the deceased in a wrongful death action. See *Mason* v *Lovins,* 24 Mich App 101 (1970).

amounts recovered by plaintiffs in their settlement
with the intoxicated driver, where death results
without conscious pain and suffering and plaintiffs
have settled out of court with the driver of the
automobile causing the death.   The trial court
adopted the reasoning in *De Lude* v *Rimek,* 351 Ill
App 466, 473; 115 NE 2d 561, 564–565 (1953), and
held that "[t]he controlling principle is that where
compensation is the objective of the law, recovery is
limited to the damage sustained, and any payments
made by [the owner/driver representatives] to the
end of making [the parents] whole must be deducted
from the recovery in this action".

There is no question that the dramshop defendant
cannot require contribution from the driver-defend-
ant, since the theory of recovery in the wrongful
death action is different from the theory of recovery
in the dramshop action.   *Virgilio* v *Hartfield,* 4 Mich
App 582 (1966).   The question here is not one of
contribution but rather one of mitigation by a prior
settlement with the intoxicated driver.   This Court
was faced with a similar question in *Mason* v *Lovins,*
24 Mich App 101 (1970).   There, the question was
whether reversible error resulted from the denial by
the trial court of an instruction that any verdict by
the jury should be reduced by the amount paid in a
prior wrongful death action.   While recognizing the
possible redundancy of recovery, the appellate court
held that it was not reversible error, since there had
been a sizeable remittitur entered and, since the
victim had not been killed outright but had lived
after the accident, the probability existed that addi-
tional damages for pain and suffering had been
rendered under the wrongful death action.

The real question before us is thus whether plain-
tiffs may recover for injuries under the dramshop

act, when they have already recovered damages for the same injuries by way of a settlement. Stated in a different way, apart from the possible exemplary damages recoverable under the dramshop act, are the dramshop act damages merely compensatory or are they penal in nature? It has been held that the Michigan dramshop act is both penal and remedial in nature. *Bailey* v *Briggs,* 143 Mich 303 (1906). The act provides for the recovery of both "actual" and "exemplary" damages. The "actual" damages would appear to be remedial and compensatory in nature, while the "exemplary" damages would appear to be penal in nature. Therefore, the "actual" damages recoverable under the dramshop act should be mitigated by a settlement with the intoxicated driver where, as in the instant case, there was no conscious pain and suffering. This mitigation is necessary to avoid redundancy of compensation. See *Robertson* v *Devereaux,* 32 Mich App 85, 92, fn 9 (1971).

Where, as here, it is clear that there could be no recovery for conscious pain and suffering in the wrongful death action (the parties here so agreed), and the plaintiffs' judgment included the cost of medical and hospital care, the cost of the funeral, and the cost of the burial, the measure of damages in both the dramshop action and the wrongful death action would be identical. To achieve the objective of full compensation without redundancy it is necessary to allow mitigation of the dramshop judgment for "actual" damages by the wrongful death settlement for "pecuniary" damages. Any "exemplary" damages in the dramshop action would not be mitigated, since they are penal in nature and differ in kind from the wrongful death damages.

Reversed and remanded for proceedings consistent with this opinion. Costs to plaintiffs.

BRONSON, J., concurred.

TARGONSKI, J. (*concurring in part*). A careful reading of my colleagues' prevailing opinion indicates that we must concur in the conclusion reached therein by reversing but must respectfully disagree with that portion of the opinion which says that for purposes of avoiding redundancy it is necessary to allow mitigation of the dramshop judgment for "actual" damages by the wrongful death settlement for "pecuniary" damages. I believe that that conclusion seeks to do by indirection that which cannot be done directly. There is no question that the dramshop defendant could not sue for contribution from the car driver. Yet by setting off the recovery from the car driver against the dramshop-defendant judgment, there appears to be such indirect contribution. We concur in part in the result as indicated above.