David H. FRANK, Plaintiff,

Manuel G. Herrera II, Third Party Plaintiff-Appellee,

v.

L. J. W. VORIS, Individually and d/b/a The Wheel Bar, Third Party Defendant-Appellant.

No. 74-1221.

United States Court of Appeals, Sixth Circuit.

Argued June 20, 1974.

Decided Oct. 8, 1974.

David M. Tyler, Sommers, Schwartz, Silver, Schwartz, Tyler & Gordon, Detroit, Mich., for appellant.

Edmund M. Brady, Jr., Vandeveer, Garzia, Tonkin, Kerr & Heaphy, P.C., Detroit, Mich., for appellee.

Before CELEBREZZE, LIVELY and ENGEL, Circuit Judges.

ENGEL, Circuit Judge.

The sole question before us in this diversity case is whether Michigan law permits an intoxicated driver, sued for damages resulting from his drunk driving, to seek contribution toward payment of the claim from the tavern which he claims illegally sold liquor to him. In a carefully considered opinion, reported at 365 F.Supp. 744, District Judge Cornelia G. Kennedy held that such an action was maintainable, relying on the decision of the Michigan Supreme Court in Moyses v. Spartan Asphalt Paving Co., 383 Mich. 314, 174 N.W.2d 797 (1970). Accordingly, Judge Kennedy denied a motion by the tavern to dismiss the driver's third-party complaint seeking contribution.[1] We granted leave to appeal under 28 U.S.C. § 1292(b).

We affirm for the reasons set forth in Judge Kennedy's opinion and find it unnecessary, therefore, to repeat the substance of Judge Kennedy's interpretation of Moyses which is in our view accurate. We confine ourselves instead to the claim of appellant that we should ignore Moyses as dicta and be bound instead by the Michigan Court of Appeals' decision in Virgilio v. Hartfield, 4 Mich.App. 582, 145 N.W.2d 367 (1966).

In Virgilio v. Hartfield, supra, two bar owners, who allegedly served intoxicants to an automobile driver while he was intoxicated, were sued under Michigan's Dram Shop Act[2] for damages arising from the death of a passenger when the car was involved in a collision. The bar owners, in turn, filed a third-party complaint against the drunk automobile driver whom they were charged

---

1. Plaintiff Frank's lawsuit against the intoxicated driver, Herrera, has already been adjudicated and a judgment on a jury verdict has been entered against Herrera in favor of the plaintiff.

2. M.C.L.A. § 436.22; M.S.A. § 18.993

with serving, seeking contribution. Holding that the driver and the bar owners were not joint tortfeasors, the Michigan Court of Appeals ruled that the bar owners had no right of contribution from the intoxicated driver.[3]

Appellant urges that the holding of *Virgilio* should be applicable to the facts here. The Michigan Supreme Court, however, in Moyses v. Spartan Asphalt Paving Co., supra, declared that Michigan will no longer limit contribution to those who traditionally have been deemed joint tortfeasors within the historical definition of that term.[4] *Moyses* therefore broadened Michigan's right of contribution by overruling "what is left of Michigan's common law bar of contribution between or among 'wrongdoers', wilful or intentional wrongdoers excepted. Such overrulement will leave the issue of contribution to equitable principles as known hitherto and now in matters of express or implied contract." *Moyses*, supra, 174 N.W.2d at 806.

Appellants urge, however, that the foregoing ruling in *Moyses* was but dicta and was not essential to the issues litigated in that case. It is true that the immediate effect of the court's decision in *Moyses* was to uphold the discretion of the trial court in refusing to implead third parties for the purpose of contribution, a strategy which the court had found would unduly delay the trial of the principal case. The Supreme Court, however, found it necessary in connection with the denial of impleader to make clear to the disappointed litigant that his right of contribution was not lost altogether:

"We have said that Spartan was not possessed of a right, under section 2925 [Mich. C.L.S., 1961, 600, 2925] and Rule 204 [Michigan General Court Rules], to implead the additionally proposed third-party defendants. By no means, however, does that conclusion (and the denial below of its present motion) eliminate Spartan's inchoate right, if any, to contribution or indemnity from the Michelin Corporation or the French corporation, or both."

*Moyses*, supra, at 800.

Thus the "inchoate right" specifically held to survive was a right to contribution limited neither by the Michigan statute, M.C.L.A. § 600.2925; M.S.A. § 27A.2925, nor by pre-existing definitions of joint tortfeasors. We do not need to decide whether the Supreme Court of Michigan could have reached the same result without going further to overrule the common law bar of contribution among wrongdoers; it is enough that that court clearly did not believe it could without doing violence to its notions of justice. The extensive recapitulation in *Moyses* is not a chance or offhand expression of the court, but is rather the clear and unequivocal conclusion of the

---

3. Michigan's Dram Shop Act was amended in 1972 by the addition, *inter alia*, of the following sentence:

"No action against a retailer or wholesaler or anyone covered by this act or his surety, shall be commenced unless the minor ·or the alleged intoxicated person is a named defendant in the action and is retained in the action until the litigation is concluded by trial or settlement."

Thus, the factual situation in Virgilio may not arise again because in future lawsuits against a tavern under Michigan's Dram Shop Act the alleged intoxicated person will be a named defendant.

4. Justice Black, in *Moyses*, 174 N.W.2d, at 803, stated the definition to be that:

" . . . . where two (or more) persons owe to another the same duty and by their common neglect of that duty such other is injured, the two (or more) have committed a joint tort and therefore are *joint tortfeasors*."

See also the extensive treatment of the subject by Justice Charles L. Levin, when he was a judge of the Michigan Court of Appeals, in Duncan v. Beres, 15 Mich.App. 318, 166 N.W.2d 678. While the idea has not commended itself to Michigan courts, because of the statutory nature of the bar's liability, an interesting argument can at least be made that the concept of a joint tort first established in Merriweather v. Nixan (1799) 8 TR 186 (101 Eng.Rep. 1337) is present where the bar owner and patron act intentionally and in concept participate in the sale of the intoxicant, each owing to the injured party a duty not to cause him injury through the single unlawful act.

highest tribunal in the state. We are convinced we should abide by it. See Sherby v. Weather Brothers Transfer Company, 421 F.2d 1243, 1244 (4th Cir. 1970); Priest v. American Smelting and Refining Co., 409 F.2d 1229, 1232 Footnote 6 (9th Cir. 1969); Home Royalty Association v. Stone, 199 F.2d 650, 654 (10th Cir. 1952); and 1A Moore, Federal Practice, § 0.307[2] at pages 3312–13.

Affirmed.