RENO v HEINEMAN

1. CONTRIBUTION—INTOXICATING LIQUORS—DRAMSHOP ACT—INTOXI-
   CATED DRIVERS—DRAMSHOP OWNERS—JOINT TORTFEASORS.

   Defendant dramshop owners have no right to contribution from a
   driver, to whom intoxicating liquors were sold in violation of
   the dramshop act and who caused injury to the plaintiff,
   because the defendants and the driver are not joint tortfeasors
   (MCLA 436.22).

2. INTOXICATING LIQUORS—DRAMSHOP ACT—EVIDENCE—SETTLEMENTS
   —INTOXICATED DRIVERS—DAMAGES—MEASURES OF DAMAGES—
   MITIGATION OF DAMAGES.

   Evidence, in an action arising under the dramshop act, of the
   settlement of an action between a plaintiff and an allegedly
   intoxicated driver was admissible because the defendant dram-
   shop owners are entitled to have the damages, if any, mitigated
   by the amount of the settlement where the measures of dam-
   ages are identical for each of the actions.

3. INTOXICATING LIQUORS—DRAMSHOP ACT—EVIDENCE—SETTLEMENTS
   —WITNESSES—INTOXICATED DRIVERS—INSURANCE COMPANIES—
   CREDIBILITY.

   Evidence of settlements between a witness and the insurance
   carrier of an allegedly intoxicated driver and between the
   witness's brother and the insurance carrier, in an action
   against dramshop owners brought under the dramshop act for
   injuries suffered in an automobile accident, was admissible to
   impeach the witness's credibility by showing his interest or bias
   in the outcome of the litigation where the witness and his

REFERENCES FOR POINTS IN HEADNOTES

[1] 18 Am Jur 2d, Contribution § 33 *et seq.*
   45 Am Jur 2d, Intoxicating Liquors §§ 588, 596–598, 612.
   Intoxicating liquors: Right of one liable under Civil Damage Act to
   contribution or indemnity from intoxicated person, or vice versa.
   31 ALR3d 438.
[2] 45 Am Jur 2d, Intoxicating Liquors §§ 603–607.
[3] 58 Am Jur, Witnesses §§ 866–868.
[4] 58 Am Jur, Witnesses §§ 621, 631, 721.
[5] 47 Am Jur 2d, Jury § 262.

brother also had lawsuits pending against the dramshop owners as a result of the accident and stood in the same position as the plaintiff who had also settled with the insurance carrier (MCLA 600.2158).

4. TRIAL—CROSS-EXAMINATION—SCOPE OF CROSS-EXAMINATION—DISCRETION OF COURT—APPEAL AND ERROR—ABUSE OF DISCRETION.

The permissible scope of cross-examination in a collateral matter to show the bias or interest of a witness in the outcome of the litigation is a determination left to the sound discretion of the trial court which will not be disturbed by a reviewing court unless the trial court abused that discretion.

5. JURY—CHALLENGES TO JURORS—PEREMPTORY CHALLENGES—INTOXICATING LIQUORS—DRAMSHOP ACT—DRAMSHOP OWNERS—COURT RULES.

Each defendant dramshop owner in a case arising under the dramshop act was entitled to three peremptory juror challenges where the defendants were represented by different attorneys, had adverse interests, and were not presenting a unified defense but were attempting to show that no illegal sale of intoxicants was made at each of their particular places of business (GCR 1963, 511.5).

Appeal from Saginaw, Fred J. Borchard, J. Submitted Division 2 June 10, 1974, at Lansing. (Docket No. 14441.) Decided November 25, 1974. Leave to appeal applied for.

Complaint by Gerald W. Reno against Leon Heineman, doing business as The Old Plantation Bar; Frederick Thorpe, doing business as Tom Thorpe's Bar; and Nicholas R. Botzau, doing business as Botzau's Grocery, for damages under the dramshop act. Judgment for defendants. Plaintiff appeals. Affirmed.

*Martin & Martin,* for plaintiff.

*Collison & Fordney, P. C.,* for defendant Heineman.

*James E. Cartwright,* for defendant Thorpe.

Before: QUINN, P. J., and V. J. BRENNAN and CARLAND,* JJ.

V. J. BRENNAN, J. Plaintiff, Gerald W. Reno, brought this action against defendants under the dramshop act (MCLA 436.22; MSA 18.993) to recover damages for injuries he suffered when the car in which he was riding was struck by an automobile driven by an allegedly intoxicated Gary Schumann. The jury, after listening to all the proofs in the case, rendered a verdict of no cause of action in favor of all the defendants. Judgment to this effect was entered by the trial judge on April 3, 1972, and plaintiff's motion for a new trial was denied on June 5, 1972. Plaintiff now appeals raising five alleged errors for our consideration. Only three of these claims merit decisional discussion. The others have been considered and determined to be without merit.

Plaintiff first contends that the trial court erred reversibly in permitting defense counsel to submit, over objection, testimonial and documentary evidence showing plaintiff to have received a certain sum of money from Schumann's insurance carrier in return for releasing Schumann from any and all claims arising out of the accident. We disagree. It is clear that Schumann and the present defendants were not joint tortfeasors and that the defendants had no right to contribution from the intoxicated driver, Gary Schumann. *Virgilio v Hartfield,* 4 Mich App 582; 145 NW2d 367 (1966). The evidence of settlement was not, therefore, admissible to establish any right of the defendants to contribution. This does not mean, however, that in an action such as this evidence of plaintiff's prior settlement with the intoxicated driver was

---

* Former circuit judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

totally inadmissible. For, although such evidence was not admissible in the instant case on the issue of contribution, it was admissible to establish the defendants' right to have any amounts found to be due mitigated by the amount of the prior settlement. In *Barton v Benedict,* 39 Mich App 517; 197 NW2d 898 (1972), this Court, faced with an analogous situation, held that a dramshop defendant was entitled to have the damages found to be due mitigated by the amount the plaintiffs therein received through settlement of their wrongful death action against the intoxicated driver. Although *Barton* involved a dramshop action and a settlement in a wrongful death action rather than the settlement of a possible common-law negligence action, as is the case here, the reasoning of the majority therein is, nevertheless, applicable to the facts of the instant case. The primary reason this Court allowed mitigation in *Barton* was the fact that the measures of damages were identical for each of the actions the Court was there concerned with. Such is also the case here. Accordingly, we hold, on the basis of *Barton v Benedict, supra,* that the trial judge did not err in permitting the introduction of the evidence here complained of. *Mason v Lovins,* 24 Mich App 101; 180 NW2d 73 (1970), relied on by plaintiff, is distinguishable from the facts of the instant case since the measures of damages in the actions there involved were not identical.

Plaintiff's second contention also relates to the admission of settlement agreements into evidence. This time, however, the settlement agreements were those entered into between Schumann's insurance carrier and Mark Allen, father of Donald and Richard Allen who were passengers in the Schumann car at the time of the accident and who

were also injured in the accident. Donald Allen testified at the trial on behalf of plaintiff and his testimony, if believed, was highly damaging to the defendants' positions. During the cross-examination of Donald Allen, however, the credibility of his testimony was impeached by evidence of several prior inconsistent statements and also by eliciting testimony as to his bias or interest in this particular action. Donald testified that he was also suing each of the defendants herein under the dramshop act as a result of this accident. He stated that his attorney was the same attorney as the one representing plaintiff Reno and that his brother, Richard Allen, also had an action pending against these defendants. It was then brought out, over objection, that Donald and his brother had each made a claim against Schumann's insurance carrier and that their claims had been settled with Schumann's insurance carrier by their father, since they were minors at the time, in return for the payment of a certain sum of money. These settlement agreements were received into evidence by the trial judge and Jack Wyman, an employee of Schumann's insurance carrier, was permitted, over objection, to testify as to the release agreements and the amounts of the settlements. Plaintiff claims, without citing any authority, that the admission of this testimony and evidence constituted reversible error because it was highly prejudicial and not relevant to any issue in the case or competent to establish Donald's bias or interest in the outcome of the litigation. We disagree. It is our considered opinion that the evidence here complained of was properly admitted to impeach the credibility of Donald Allen by showing his bias or interest in the outcome of the litigation. MCLA 600.2158; MSA 27A.2158. The evidence here complained of established that the witness and his

brother also had lawsuits pending against these same defendants and that the two brothers stood in exactly the same position as the plaintiff herein because they also, through their father, executed release and settlement agreements with Schumann's insurance carrier thereby leaving only these defendants open to a suit for additional damages. The permissible scope of cross-examination on a collateral matter such as this is left to the sound discretion of the trial court and will not be disturbed by a reviewing court unless the trial court abused that discretion. *Mowinski v Bishop,* 13 Mich App 140; 163 NW2d 655 (1968); *Schwartz v Triff,* 2 Mich App 379; 139 NW2d 907 (1966), *lv den,* 378 Mich 720 (1966). In the case at bar there was no such abuse.

Plaintiff lastly claims that the trial judge erred in granting each of the defendants three peremptory challenges during jury selection. GCR 1963, 511.5, as amended, provides, in relevant part:

"Each party in a civil case may peremptorily challenge 3 jurors. In civil cases two or more parties on the same side are considered a single party for purposes of peremptory challenge, but where multiple parties having adverse interests are aligned on the same side, 3 peremptory challenges shall be allowed to each such party represented by a different attorney."

The defendants in the case at bar were all represented by a different attorney so the decisive question becomes whether the defendants herein had "adverse interests".

The term "adverse interests" is not defined by the court rule and we have been cited to no case which has heretofore defined this term for the purposes of GCR 1963, 511.5 nor has our search revealed any such case. Prior to the adoption of

GCR 1963, 511.5 our Supreme Court employed a procedure similar to that announced in GCR 1963, 511.5 for determining whether multiple parties in a civil action are each entitled to their own peremptory challenges. See 2 Honigman & Hawkins, Michigan Court Rules Annotated (2d Ed), p 467. Despite language in *Stroh v Hinchman,* 37 Mich 490 (1877), to the effect that the right of separate challenge is to be accorded to "each defendant who pleads separately by different counsel", the Court, subsequently, was not always content to rest its decision allowing separate challenge solely on this basis. In later cases, as further justification for its action, the Court considered such factors as whether the defendants were interposing different defenses; whether one of the defendants in an action could be found liable and another defendant in the same action found not liable; and, whether the defendants could be found liable to the same extent, for the same reason or in the same manner. See *Yonkus v McKay,* 186 Mich 203; 152 NW 1031 (1915); *Levyn v Koppin,* 183 Mich 232; 149 NW 993 (1914). These same considerations, we feel, should be examined in reaching any determination as to whether multiple parties on the same side in a civil action have "adverse interests" as that term is used in GCR 1963, 511.5.

In the case at bar the three defendants were represented by different attorneys and filed separate answers to plaintiff's complaint. In order for plaintiff to have prevailed against all three defendants he would have had to have shown that each defendant made an illegal sale to Schumann. Proof of such a sale with respect to one defendant would not be sufficient to hold all the defendants liable. The plaintiff was required to prove his case against each defendant individually relying on the particular factual circumstances of the sale or

sales in question. Under these circumstances we hold that the interests of the defendants herein were sufficiently adverse to bring them within the meaning of GCR 1963, 511.5. Defendants were not presenting a unified defense but, rather, were attempting to show that no illegal sale was made at their particular places of business. We find no error.

Affirmed.

All concurred.