BROWN v DEPARTMENT OF STATE HIGHWAYS

Docket No. 60922. Submitted January 6, 1983, at Grand Rapids.—
    Decided June 7, 1983

Philip A. Brown, administrator of the estate of Ronald J. Cleary,
    deceased, brought an action in the Court of Claims against the
    Department of State Highways for wrongful death alleging that
    the defendant failed to properly maintain a highway. The
    court, Wade Van Valkenburg, J., entered a judgment for the
    plaintiff. The plaintiff appeals, alleging that the trial court
    erred in: (1) finding that the damages recoverable in an action
    for wrongful death do not include the estate which the de-
    ceased might reasonably have been expected to accumulate had
    he lived out a normal lifespan; (2) deducting the amount of a
    prior settlement in a dramshop action from the plaintiff's
    damages; (3) declining to allow expert witness fees and expen-
    ses for videotaped depositions to be taxed as costs; and (4)
    admitting evidence of the results of blood tests performed on
    the deceased. *Held:*

    1. The trial court, in its findings of fact, noted that the
    deceased had a history of meager earnings, indebtedness, and
    bankruptcy. The findings show that the court regarded the
    claim of a potential estate as unproven and held that damages
    for loss of a potential inheritance were not recoverable. Plain-
    tiff, on appeal, made no argument and cited no authority to
    show that the trial court's findings of fact in this regard were
    erroneous and, therefore, abandoned that contention.

    2. Any error as to whether the amount of the settlement in
    the dramshop action should have been deducted from the

REFERENCES FOR POINTS IN HEADNOTES
[1, 2] 22 Am Jur 2d, Death § 121.
[2] 22 Am Jur 2d, Death §§ 126, 135.
    39 Am Jur 2d, Highways, Streets, and Bridges § 271.
[3] 20 Am Jur 2d, Costs §§ 5, 87.
[4] 73 Am Jur 2d, Statutes §§ 204-208, 238, 302.
[5] 20 Am Jur 2d, Costs § 65.
    Power of court which appoints or employs expert witnesses to tax
        their fees as costs. 39 ALR2d 1376.
[6] 20 Am Jur 2d, Costs § 56.

plaintiff's damages was clearly harmless, since the trial court expressly declined to deduct it.

3. The trial court erred in not allowing expert witness fees to be taxed as costs in the Court of Claims. Expenses for videotaped depositions may not be taxed as costs in the Court of Claims and the trial court did not err in not allowing such expenses to be taxed as costs.

4. The trial court did not err in admitting evidence of the results of blood tests performed on the deceased. The evidence was offered on the issue of the deceased's comparative negligence but the trial court found no negligence on the part of the deceased. The findings of fact contain no sign that the evidence affected the trial court's determination of damages.

Affirmed in part, reversed in part, and remanded.

1. DAMAGES — WRONGFUL DEATH.

A party in an action for wrongful death may recover such damages as the court or jury shall deem fair and just under all of the circumstances to those persons who may be entitled to such damages when recovered (MCL 600.2922; MSA 27A.2922).

2. DAMAGES — WRONGFUL DEATH.

Damages for lost society and companionship are recoverable in an action for wrongful death arising out of the failure of a governmental unit to properly maintain a highway.

3. COSTS — STATUTORY AUTHORITY.

A court's power to tax costs is wholly statutory; costs are not recoverable where there is no statutory authority for awarding them.

4. STATUTES — JUDICIAL CONSTRUCTION.

In construing a statute, words which have acquired a well-defined technical meaning are to be understood in their technical sense; where the words used have no statutory definition or controlling judicial definition, the words should be construed according to common and approved usage.

5. WITNESSES — EXPERT WITNESS FEES — COURT OF CLAIMS.

Expert witness fees may be taxed as costs in the Court of Claims.

6. COSTS — VIDEOTAPED DEPOSITIONS — COURT OF CLAIMS.

Expenses for videotaped depositions may not be taxed as costs in the Court of Claims.

*Elden W. Butzbaugh, Jr.,* for plaintiff.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *Carl K. Carlsen,* Assistant Attorney General, and *Thomas J. O'Toole,* Special Assistant Attorney General, for defendant.

Before: MacKenzie, P.J., and R. B. Burns and E. A. Quinnell,* JJ.

Per Curiam. In this action for wrongful death, plaintiff claimed that defendants failed to properly maintain a highway as required by MCL 691.1402; MSA 3.996(102). After a nonjury trial, a judgment for plaintiff was entered for $9,435. Plaintiff appeals by right and raises various questions concerning damages and costs.

## I

Plaintiff argues that the damages recoverable in an action for wrongful death include the estate which the deceased might reasonably have been expected to accumulate had he lived out a normal lifespan. Plaintiff relies on *O'Toole v United States,* 242 F2d 308, 311-313 (CA 3, 1957), a case decided under the Delaware wrongful death statute. MCL 600.2922; MSA 27A.2922 allows the recovery in an action for wrongful death of "such damages, as, the court or jury, shall deem fair and just, under all of the circumstances to those persons who may be entitled to such damages when recovered". In *Baker v Slack,* 319 Mich 703, 714; 30 NW2d 403 (1948), the Court held that damages for loss of a potential inheritance were not recoverable in an action for wrongful death, but the Court's holding was based on the requirement of "pecuniary injury" which was later removed from the statute by 1971 PA 65. We need not determine

---

* Circuit judge, sitting on the Court of Appeals by assignment.

here whether *Baker v Slack* retained its viability after the statute was amended. In its findings of fact, the trial court noted that the deceased had a history of meager earnings, indebtedness, and bankruptcy. The trial court's findings show that it regarded the claim of a potential estate as unproven. Plaintiff has addressed himself on appeal to the trial court's alternate holding that such damages were not recoverable as a matter of law, but plaintiff has made no argument and cited no authority to show that the trial court's findings of fact in this regard were erroneous. Under the holding of *Mitcham v Detroit,* 355 Mich 182, 203; 94 NW2d 388 (1959), plaintiff has therefore abandoned such a contention.

II

Evidence was before the trial court that the deceased's three daughters had obtained $25,000 in settlement of their claims for lost support, society, and companionship in an action brought under the dramshop act, MCL 436.22; MSA 18.993, and arising out of the same incident as this action. Plaintiff argues that the trial court erred by deducting that amount of the dramshop action settlement from plaintiff's damages here. Panels of this Court have reached conflicting results in attempting to resolve this issue. Compare *Mason v Lovins,* 24 Mich App 101, 117-119; 180 NW2d 73 (1970), and *Putney v Gibson,* 94 Mich App 466, 478-487; 289 NW2d 837 (1979), *rev'd on other grounds sub nom Putney v Haskins,* 414 Mich 181; 324 NW2d 729 (1982), with *Barton v Benedict,* 39 Mich App 517, 522-524; 197 NW2d 898 (1972), and *Reno v Heineman,* 56 Mich App 509, 511-512; 224 NW2d 687 (1974).

Damages for lost society and companionship are

recoverable in an action for wrongful death arising out of the failure of a governmental unit to properly maintain a highway. *Endykiewicz v State Highway Comm,* 414 Mich 377; 324 NW2d 755 (1982). However, the trial court found that, under the circumstances presented here, any loss of society and companionship was minimal. The trial court found damages for lost support of $9,435, but expressly declined to deduct any portion of the dramshop action settlement from that amount. Plaintiff has abandoned any contention that the trial court erred in determining these amounts because plaintiff has not argued or cited authority in support of such a contention. *Mitcham v Detroit, supra.* In view of the trial court's findings, any error as to whether the amount of the dramshop action settlement should be deducted from plaintiff's damages was clearly harmless.

### III

Plaintiff also argues that the trial court erred by declining to allow expert witness fees and expenses for videotaped depositions to be taxed as costs. The power to tax costs is wholly statutory; costs are not recoverable where there is no statutory authority for awarding them. *Jeffery v Hursh,* 58 Mich 246, 258; 25 NW 176 (1885); *Hester v Detroit Comm'rs of Parks & Boulevards,* 84 Mich 450; 47 NW 1097 (1891); *Kuberski v Panfil,* 275 Mich 495, 497; 267 NW 730 (1936); *Gundersen v Village of Bingham Farms,* 1 Mich App 647, 648-649; 137 NW2d 763 (1965). Costs in the Court of Claims are controlled by MCL 600.6449(1); MSA 27A.6449(1), which provides:

"If the state shall put in issue the right of claimant to recover, the court may, in its discretion, allow costs

to the prevailing party from the time of the joining of such issue. Such costs, however, shall include only witness fees and officers' fees for service of subpoenas actually paid, and as attorney fees the same amount as is provided for trial of cases in circuit courts."

In construing a statute, words which have acquired a well-defined technical meaning are to be understood in their technical sense. *Pitcher v People,* 16 Mich 142, 147 (1867). However, where the words used have no statutory definition or controlling judicial definition, the words must be construed according to common and approved usage. *State ex rel Wayne County Prosecuting Attorney v Levenburg,* 406 Mich 455, 465; 280 NW2d 810 (1979). In common usage, a "witness fee" is a fee paid to a witness. Defendant has not cited, and we cannot find, any authority giving the term "witness fee" a technical meaning different from its common usage.

Two provisions of the Revised Judicature Act deal with fees paid to witnesses. MCL 600.2552; MSA 27A.2552 provides for certain sums payable to any witness as his witness fee. MCL 600.2164; MSA 27A.2164 provides, under certain conditions, for "a sum in excess of the ordinary witness fees provided by law" for expert witnesses. The fees provided for in both sections are "witness fees" according to the common usage of that term. A distinction between ordinary witness fees and expert witness fees is implicit in the language employed in MCL 600.2164; MSA 27A.2164, but no such distinction is drawn in MCL 600.6449(1); MSA 27A.6449(1). We, therefore, conclude that expert witness fees may be taxed as costs in the Court of Claims.

However, expenses for videotaped depositions are not "witness fees" according to the common

usage of that term. Allowance of expenses for videotaped depositions as costs is not otherwise permitted by MCL 600.6449(1); MSA 27A.6449(1). GCR 1963, 315.10 permits the taxation as costs of expenses for videotaped depositions under the procedures normally employed for taxing costs. Court rules governing procedures in circuit court apply to the Court of Claims except where the Revised Judicature Act otherwise provides. MCL 600.6422; MSA 27A.6422. The authorization in GCR 1963, 315.10 for taxation as costs of expenses for videotaped depositions is subject to any statutory limitation. *Stevens v Hogue,* 85 Mich App 185, 190; 270 NW2d 735 (1978). Because MCL 600.6449(1); MSA 27A.6449(1) contains such a limitation, expenses for videotaped depositions may not be taxed as costs in the Court of Claims.

## IV

Plaintiff also argues that the trial court erred by admitting evidence of the results of blood tests performed on the deceased. In its findings of fact, the trial court held that a proper foundation for admission of such evidence had not been laid. The evidence was offered on the issue of the deceased's comparative negligence, but the trial court found no negligence on the part of the deceased. Plaintiff argues that this evidence must somehow have affected the trial court's determination of damages, but the trial court's findings contain no sign of such an effect. No error in this regard occurred.

Affirmed in part, reversed in part, and remanded for further proceedings consistent with this opinion. We retain no jurisdiction.