SALIM v LaGUIRE

Docket No. 72904. Submitted April 12, 1984, at Lansing.—Decided
October 15, 1984. Leave to appeal denied, 420 Mich 853.

Paul F. Hillaker was killed when he was hit by an automobile
driven by Arlen J. LaGuire, Jr., and owned by LaGuire's
father. Frederick E. Salim, personal representative of the estate
of Paul F. Hillaker, Ernest N. Hillaker and Margaret Hillaker
brought an action in the Genesee Circuit Court for wrongful
death against Arlen J. LaGuire, Jr., and Arlen LaGuire, having
already settled a dramshop claim in the matter for $42,000.
The jury returned a verdict for plaintiffs for $45,000 reduced to
$33,750 on account of the contributory negligence of plaintiffs'
decedent. The court, Judith A. Fullerton, J., allowed a setoff of
$42,000 and entered a judgment for no damages. Plaintiffs
appealed. *Held:*

It is proper for a trial court to set off against a judgment
against an intoxicated driver defendant in a wrongful death
action a prior settlement with a dramshop defendant.

Affirmed.

1. Torts — Intoxicating Liquors — Dramshop Act — Contribu-
tion.

Common liability exists among persons who are responsible for

REFERENCES FOR POINTS IN HEADNOTES

[1] 45 Am Jur 2d, Intoxicating Liquors §§ 578, 582, 587, 588.

Proof of causation of intoxication as a prerequisite to recovery
under Civil Damage Act. 64 ALR3d 882.

Contributory negligence allegedly contributing to cause of injury as
defense in Civil Damages Act proceeding. 64 ALR3d 849.

Who is, as "owner" of premises on which intoxicating liquor is sold,
liable under civil damage or dram shop acts. 18 ALR3d 1323.

[2] 22 Am Jur 2d, Death § 97.

45 Am Jur 2d, Intoxicating Liquors §§ 556, 564.

Liability of persons furnishing intoxicating liquor for injury to or
death of consumer, outside coverage of civil damage acts. 98
ALR3d 1230.

Survival of action or cause of action under civil damage acts. 94
ALR2d 1140.

Right to recover under civil damage or dram shop act for death of
intoxicated person. 64 ALR2d 705.

an accident which produces a single indivisible injury and those who share a common liability have a right to contribution; therefore, an intoxicated driver defendant and a dramshop defendant, who share a common liability for the plaintiff's accidental injuries, have a right of contribution between them (MCL 600.2925a; MSA 27A.2925[1]).

2. TORTS — INTOXICATING LIQUORS — DRAMSHOP ACT — SETOFFS — WRONGFUL DEATH ACTION.

It is proper for a trial court to set off against a judgment against an intoxicated driver defendant in a wrongful death action a prior settlement with a dramshop defendant (MCL 600.2925a; MSA 27A.2925[1]).

*Collins, Stecco & Wascha* (by *Donald A. Wascha, P.C.*), for plaintiff.

*Wilson, Portnoy & Leader, P.C.* (by *Robert P. Roth*), for defendants.

Before: BRONSON, P.J., and MACKENZIE and J. L. BANKS,* JJ.

BRONSON, P.J. On June 22, 1983, a jury found that defendant Arlen J. LaGuire, Jr., while intoxicated and driving an automobile owned by his father, negligently hit plaintiffs' decedent. The jury determined that plaintiffs had suffered $45,000 in damages but reduced the verdict against defendants to $33,750 on account of the contributory negligence of plaintiffs' decedent. Plaintiffs had previously settled a claim against the vendor who sold liquor to the minor LaGuire in violation of the dramshop act, MCL 436.22; MSA 18.993. Following a post-trial hearing, the trial court granted defendants' motion to set off the $42,000 dramshop settlement against the verdict against defendants. The trial court entered an order awarding plaintiffs no amount for damages. Plaintiffs appeal as of right from that order.

---

* Circuit judge, sitting on the Court of Appeals by assignment.

This case presents a variation of an issue previously addressed by this Court. In the instant case, we must decide whether the amount plaintiffs received to settle their claim under the dramshop act was properly deducted from the damages awarded to plaintiffs for their claim against the defendants under the wrongful death act, MCL 600.2922; MSA 27A.2922. In *Barton v Benedict,* 39 Mich App 517; 197 NW2d 898 (1972), *overruled on other grounds, Podbielski v Argyle Bowl, Inc,* 392 Mich 380, 386; 220 NW2d 397 (1974), I concurred in an opinion by Judge McGREGOR which held that a judgment against a dramshop defendant was properly mitigated and set off by the amount of plaintiffs' prior consent judgment against the intoxicated driver. I conclude that the reasoning underlying the *Barton* decision is just as applicable to the instant case, and, accordingly, hold that the trial court did not err in deducting the settlement amount from the verdict against defendants.

In *Barton, supra,* p 524, we reasoned that mitigation of damages was necessary to avoid redundancy of compensation. This principle was discussed by Justice WILLIAMS in *Stitt v Mahaney,* 403 Mich 711; 272 NW2d 526 (1978), *reh den* 406 Mich 1102 (1979); where plaintiff Stitt was injured in an automobile accident and was taken to a hospital where he was treated by various doctors. Stitt settled with the driver of the automobile and brought a malpractice action against the doctors. Although Justice WILLIAMS dissented on a separate issue, he agreed with the majority that the trial court erred by instructing the jury to deduct from any award of damages the amount plaintiff received in his settlement with the driver. Justice WILLIAMS distinguished the facts of the case at bar from *Cooper v Christensen,* 29 Mich App 181; 185 NW2d 97 (1970).

"In *Cooper,* the plaintiff was attacked by three youths at defendant's drive-in. Plaintiff recovered a sum of money from the boys who perpetrated the attack and then sued defendant. The court instructed the jury as follows:

" 'And I also charge you that the plaintiff has received a sum, according to the testimony, of $1,037.94 from the three boys that committed the assault. And therefore, if you should find the defendant liable, you must deduct the sum of $1,037.94 from the amount of damages you find the plaintiff has proven.' *Cooper, supra,* p 183.

"In *Cooper* the tortfeasors were not joint but independent in that the defendant did not act in concert with the youths and owed plaintiff a different duty than did the youths. See Prosser, Law of Torts (4th ed), § 46, p 291, fn 2. However, the injury for which the plaintiff sought recovery was the identical injury in nature, time and place, as the one for which plaintiff had already partially recovered from the youths. There were no means by which to distinguish a portion of what was due to the action or inaction of defendant and another portion of what was due to the actions of the youths. The Court of Appeals in *Cooper* was correct in not allowing plaintiff to recover doubly for the identical injury."[1] 403 Mich 735-736.

In *Barton, supra,* we found no intent evinced in the dramshop act to depart from the general principle of full compensation without redundancy. In particular, we focused on the type of damages provided under the dramshop act. We concluded

[1] The recent decision by the Supreme Court in *Tebo v Havlik,* 418 Mich 350; 343 NW2d 181 (1984), is inapplicable to the present case. In that case, the rationale for denying setoff of no-fault insurance benefits received against the damages recovered from a dramshop defendant was the "collateral source" rule. That rule provides that compensation received from an independent source *other than a tortfeasor* does not operate to lessen damages recoverable from a wrongdoer. In the instant case, the dramshop settlement was not recovered from a collateral source. This distinction between a collateral source and damages from another tortfeasor was discussed by Justice LEVIN in his dissenting opinion in *Tebo, supra,* pp 389-390.

that, where the plaintiff sought to recover only actual damages,[2] the Legislature did not intend to provide the plaintiff with double recovery.

The majority opinion in *Barton, supra,* acknowledged the rule that a dramshop defendant cannot require contribution from the driver defendant. *Virgilio v Hartfield,* 4 Mich App 582; 145 NW2d 367 (1966). However, we distinguished the question of contribution from the question of mitigation by a prior settlement. *Barton, supra,* p 523. The third member of the panel was unpersuaded by this distinction. He reasoned that our "conclusion seeks to do by indirection that which cannot be done directly", *Barton, supra,* p 525. Although one later panel followed the *Barton* majority, *Reno v Heineman,* 56 Mich App 509; 224 NW2d 687 (1974), *lv den* 394 Mich 751 (1975), the dissenting position was adopted by another panel in *Putney v Gibson,* 94 Mich App 466; 289 NW2d 837 (1979), *rev'd on other grounds* 414 Mich 181; 324 NW2d 729 (1982), *reh den* 414 Mich 1111 (1982). (The Supreme Court expressly declined to review the setoff issue when it reviewed this Court's decision in *Putney.)* The split in this Court was noted in *Friend v Campbell,* 102 Mich App 278, 282-283; 301 NW2d 503 (1980), *lv den* 412 Mich 864 (1981), and *Brown v Dep't of State Highways,* 126 Mich App 392, 395-396; 337 NW2d 76 (1983).

The *Barton* dissent did not specifically take issue with our conclusion that the dramshop act should be construed as precluding double recovery. Rather, the dissent reasoned that the consequence of the majority's construction was to effect a right of contribution as between the dramshop defen-

_____

[2] At the time the *Barton* decision was rendered, the dramshop act provided for recovery of exemplary as well as actual damages. In 1972, the Legislature amended the act to limit recovery to actual damages. 1972 PA 196.

dant and the driver defendant. If such a right does exist, then, logically, the dissent's argument fails.

In *Virgilio, supra,* the Court reasoned that there was no right to contribution as between the dramshop defendant and the driver defendant because the right to contribution belonged to joint tortfeasors whose liability was premised on a common theory. A dramshop defendant and a driver defendant are not joint tortfeasors; the former's liability is statutory while the latter's liability is grounded in negligence.

In 1970, the Michigan Supreme Court overruled what was left of Michigan's common-law bar against contribution between or among "wrongdoers", excepting wilful or intentional wrongdoers. *Moyses v Spartan Asphalt Paving Co,* 383 Mich 314; 174 NW2d 797 (1970). The Court returned the doctrine of contribution to the original equitable rules, one of which is the requirement that the wrongdoers owe a "common liability" to the plaintiff. *Caldwell v Fox,* 394 Mich 401, 420; 231 NW2d 46 (1975). "Common liability" was discussed by the Court in *Caldwell:*

"If the jury believed that both original defendants and the third-party defendants were responsible for the injuries to the plaintiff, then a basis for allowing contribution would exist. All of the defendants would share a common liability to the plaintiff because the type of injuries suffered by the plaintiff are not apportionable amongst the various defendants on any rational basis. Where two or more individuals are responsible for an accident which produces a single indivisible injury, each individual wrongdoer may be held liable for the entire amount of the damages and thus each of the defendants shares a common liability with the others that are also responsible for the injury." *Caldwell, supra,* p 420, fn 5.

*Putney, supra,* did not refer to *Moyses, supra,* or

*Caldwell, supra.* However, in *Friend v Campbell, supra,* this Court noted that the federal courts had reinterpreted Michigan law in light of *Moyses, supra.*

"*Moyses* was subsequently cited in *Herrera v Voris,* 365 F Supp 744, 745-747 (ED Mich, 1973), aff'd sub nom, *Frank v Voris,* 503 F2d 1023 (CA 6, 1974), for the proposition that a driver defendant may seek contribution from the tavern which he claimed illegally sold the liquor to him. The Sixth Circuit specifically stated that *Moyses* superseded *Virgilio v Hartfield, supra,* on this issue. 503 F2d 1023, 1024-1025." *Friend, supra,* p 282.

Notwithstanding the reasoning employed by the federal courts, the Court in *Friend, supra,* cited *Putney, supra,* in concluding that "Michigan law still provides that neither the intoxicated driver nor the dramshop defendants may seek contribution from the other for damages assessed in a dramshop case". *Friend, supra,* p 283.[3]

In 1974, the Michigan Legislature repealed the old statute concerning contribution between joint tortfeasors, MCL 600.2925; MSA 27A.2925, and enacted MCL 600.2925a; MSA 27A.2925(1), which provides in pertinent part:

"(1) Except as otherwise provided in this act, when 2 or more persons become jointly or severally liable in tort for the same injury to a person or property or for the same wrongful death, there is a right of contribution among them even though judgment has not been recovered against all or any of them."[4]

---

[3] The Court went on to reason that, even if the federal courts' interpretation were followed, the issue before it, whether the plaintiff was entitled to an instruction which would require the jury to apportion damages on the basis of comparative fault, would not be resolved differently. *Friend, supra,* p 283.

[4] MCL 600.2925a; MSA 27A.2925(1) was made applicable only to torts committed on or after January 1, 1975. *Putney, supra,* involved an accident which occurred prior to 1975. The opinion in *Friend, supra,* does not indicate when the accident at issue occurred.

The new contribution statute supports the federal courts' interpretation of *Moyses, supra.* Reading *Moyses, supra,* and *Caldwell, supra,* in conjunction with the contribution statute, I deduce the following rules: (1) the former bar against contribution among nonjoint tortfeasors is abolished; (2) the right of contribution exists among nonintentional wrongdoers who share a common liability; and (3) common liability exists among individuals who are responsible for an accident which produces a single indivisible injury. Applying these rules to the instant case, the dramshop defendant and the driver defendant share a common liability to plaintiff and, thus, there is a right of contribution between them.

In conclusion, subsequent positions taken by the Supreme Court and the Michigan Legislature reinforce the position adopted by the majority in *Barton, supra.* In *Stitt, supra,* the Supreme Court approved our view that the plaintiff could not recover doubly for the single indivisible injury produced by the actions of the dramshop defendant and the driver defendant. Furthermore, in *Moyses, supra,* and MCL 600.2925a; MSA 27A.2925(1), the Supreme Court and the Legislature removed any obstacle arguably posed by the former rule precluding contribution between the dramshop defendant and the driver defendant. Accordingly, the circuit court correctly set off plaintiff's settlement with the vendor against the amount of damages awarded plaintiff against defendant LaGuire.

Affirmed.