ULLERY v SOBIE    .

Docket No. 118957. Submitted January 8, 1992, at Grand Rapids.
     Decided June 8, 1992; approved for publication September 17,
     1992, at 9:05 A.M.

          Brenda L. Ullery brought a negligence action in the Kent Circuit
     Court against Robert A. Sobie, seeking damages for injuries
     sustained in an automobile collision. The defendant did not
     respond to the plaintiff's offer to stipulate the entry of a
     judgment for $25,000. A jury returned a verdict for the plain-
     tiff, awarding her $45,000, but finding her sixty percent com-
     paratively negligent, with seventeen percent of that negligence
     attributable to her failure to wear a seat belt. Both parties
     moved for the entry of a judgment, with the defendant propos-
     ing a judgment for the plaintiff in the amount of $20,605.50
     plus costs and interest. The court, George S. Buth, J., entered a
     judgment for the plaintiff for $20,340, reducing the $45,000
     verdict by 54.8 percent pursuant to MCL 257.710e(5); MSA
     9.2410(5)(5), now MCL 257.710e(6); MSA 9.2410(5)(6), for the
     plaintiff's negligence in failing to wear a seat belt. The court
     also awarded interest, costs, and attorney fees to the plaintiff.
     The defendant appealed.

          The Court of Appeals held:

          1. MCL 257.710e(5); MSA 9.2410(5)(5) did not violate the due
     process and the equal protection guarantees of the federal and
     state constitutions. The statute was not violative of due process
     because it served the valid public purpose of placing a limita-
     tion on the amount damages could be reduced for failure to use
     a seat belt. The statute was not violative of equal protection
     because any classification it engendered was rationally related
     to a legitimate governmental interest.

          2. Any error committed by the trial court in calculating the
     parties' percentages of fault was harmless because the judg-

References

Am Jur 2d, Automobiles and Highway Traffic § 602; Constitutional
     Law §§ 384-395, 402-404, 746 et seq.; Negligence §§ 920-927, 1158,
     1159, 1161, 1173, 1174.
Nonuse of automobile seatbelts as evidence of comparative negli-
     gence. 92 ALR3d 9.

ment that was entered was less than the amount proposed by the defendant.

3. The trial court did not abuse its discretion in denying the defendant's motion for costs. The defendant did not prevail in the action and therefore was not entitled to costs.

4. The trial court did not err in awarding costs and attorney fees to the plaintiff, who was entitled to costs as the prevailing party, pursuant to MCR 2.625, and to attorney fees, pursuant to MCR 2.405, as a sanction for the defendant's refusal to stipulate the entry of a judgment.

Affirmed.

NEGLIGENCE — COMPARATIVE NEGLIGENCE — FAILURE TO USE SEAT BELT — CONSTITUTIONAL LAW — DUE PROCESS — EQUAL PROTECTION.

The statutory provision that failure to use a seat belt may be considered evidence of negligence and thus reduce recovery of damages does not violate the due process and the equal protection guarantees of the federal and state constitutions (MCL 257.710e[5]; MSA 9.2410[5][5], now MCL 257.710e[6]; MSA 9.2410[5][6]; US Const, Am XIV; Const 1963, art 1, §§ 2, 17).

*Rhoades, McKee, Boer, Goodrich & Titta* (by *Bruce W. Neckers* and *James L. Schipper*), for the plaintiff.

*Nelson & Kreuger, P.C.* (by *Steven L. Kreuger*), for the defendant.

Before: MARILYN KELLY, P.J., and DOCTOROFF and GRIFFIN, JJ.

PER CURIAM. Defendant Robert A. Sobie appeals as of right from a judgment entered in favor of plaintiff, Brenda Lee Ullery. Plaintiff was injured by defendant in an automobile collision. She was not wearing a seat belt. Michigan law limits the reduction of recoverable damages available to plaintiff due to her failure to wear a seat belt to no more than five percent. Defendant argues on appeal that the statute is unconstitutional. MCL 257.710e(5); MSA 9.2410(5)(5). He argues, also, that

the court erred in that it reassigned plaintiff's fault to him and awarded costs and attorney fees to plaintiff. We affirm.

The section of the Michigan Vehicle Code which forms the basis of this appeal provides:[1]

> Failure to wear a safety belt in violation of this section may be considered evidence of negligence and may reduce the recovery for damages arising out of the ownership, maintenance, or operation of a motor vehicle. However, such negligence shall not reduce the recovery for damages by more than 5%. [MCL 257.710e(5); MSA 9.2410(5)(5).]

Plaintiff offered to stipulate to entry of a judgment for $25,000. Defendant did not respond. After trial, the jury returned a $45,000 verdict for plaintiff. The jury found plaintiff sixty percent negligent, seventeen percent attributable to her failure to wear a seat belt. It found defendant forty percent negligent.

Both parties filed motions seeking entry of judgment. Defendant's proposed judgment recommended a recovery for plaintiff in the amount of $20,605.50, plus costs and interest. He also requested costs of $2,400.25 and asked the court to deny plaintiff her costs related to the liability issue. Plaintiff suggested that the excess twelve percent of the fault erroneously applied by the jury to reduce her recovery be attributed to defendant. Plaintiff would thereby be only forty-eight percent negligent and entitled to a $23,400 judgment plus costs and interest.

The trial judge rejected both proposed judgments and made his own calculations. He reasoned that the 17 percent of plaintiff's negligence attributable

---

[1] The statute was amended and renumbered after the entry of judgment. The current version is located at MCL 257.710e(6); MSA 9.2410(5)(6).

to her failure to wear a seat belt was 10.2 percent of her total 60 percent comparative negligence. He then allocated the 5.2 percent in excess of the 5 percent statutory maximum to defendant, leaving him 45.2 percent negligent. He found plaintiff to be 54.8 percent negligent, entitling her to a judgment of $20,340. The judge awarded plaintiff costs after determining that her adjusted verdict exceeded her offer of judgment. He determined plaintiff was entitled to $2,927.65 in costs and $10,282.38 in attorney fees.

I

Initially, defendant argues that the statute limiting the reduction of recoverable damages by no more than five percent for failing to wear a seat belt is unconstitutional. MCL 257.710e(5); MSA 9.2410(5)(5). Statutes enjoy a presumption of constitutionality. *People v Trinity,* 189 Mich App 19, 21; 471 NW2d 626 (1991), citing *Johnson v Harnischfeger Corp,* 414 Mich 102, 112; 323 NW2d 912 (1982); *Builders Square v Dep't of Agriculture,* 176 Mich App 494, 496; 440 NW2d 639 (1989). The courts have a duty to construe them as constitutional, unless unconstitutionality is clearly apparent. *Trinity,* 21, citing *Rohan v Detroit Racing Ass'n,* 314 Mich 326, 342; 22 NW2d 433 (1946). The party challenging a statute's constitutionality has the burden of proving its invalidity. *League General Ins Co v Catastrophic Claims Ass'n,* 165 Mich App 278, 293; 418 NW2d 708 (1987), rev'd on other grounds 435 Mich 338; 458 NW2d 632 (1990).

Defendant argues that the statute in question violates due process by denying him his common-law right to assert comparative fault. US Const, Am XIV; Const 1963, art 1, § 17; MCL 257.710(e); MSA 9.2410(5). A test exists to determine whether

a statute enacted pursuant to a valid public purpose comports with due process. The test is whether a reasonable relationship exists between the remedy adopted and the public purpose sought to be achieved. *Ludington & N R Co v Epworth Assembly,* 188 Mich App 25, 43-44; 468 NW2d 884 (1991).

Defendant argues that the statute is not reasonably related to the legitimate public purpose of encouraging persons to wear safety belts. However, other legitimate public purposes exist for placing limitations on the reduction of damages due accident victims because of their failure to wear safety belts.

Public Act No. 1 of 1985, amending the Michigan Vehicle Code to require the mandatory use of seat belts, was passed in response to a federal mandate. MCL 257.710e; MSA 9.2410(5). To satisfy federal rules, Michigan's mandatory seat belt law provided that evidence of failure to wear a seat belt could be admitted to mitigate damages paid to an accident victim. Senate Legislative Analysis, SB 6, February 26, 1985.

Prior to the enactment of 1985 PA 1, the failure to wear a safety belt was inadmissible as evidence of comparative negligence. *Lowe v Estate Motors Ltd,* 428 Mich 439, 464; 410 NW2d 706 (1987); *Schmitzer v Misener-Bennett Ford, Inc,* 135 Mich App 350, 359-360; 354 NW2d 336 (1984). Although *Lowe* reversed existing precedent, the case was not decided until after the enactment of 1985 PA 1. The statute mandated that the nonuse of seat belts could be allowed to mitigate damages. MCL 257.710e(5); MSA 9.2410(5)(5). Therefore, the five percent limitation was added to prevent the injured party from recovering substantially less based solely on the failure to wear a safety belt.

See Senate Legislative Analysis, SB 6, February 26, 1985.

We find a reasonable relationship between the five percent limitation and the legitimate purpose of protecting against drastic reductions in damage awards due to failure to wear safety belts. Therefore, defendant has not succeeded in overcoming the presumption of constitutionality.

Defendant also claims that the statute violates equal protection, since it discriminates against a class of defendants situated similarly to himself. US Const, Am XIV; Const 1963, art 1, § 2. An equal protection analysis requires an initial determination of the proper test to be applied based on the type of classification and the nature of the interest affected. *People v Krajenka,* 188 Mich App 661, 662; 470 NW2d 403 (1991). The test to be applied in this case is whether the legislative classification is rationally related to a legitimate government interest. Based on our earlier analysis, we find that any alleged classification is rationally related to a legitimate government interest.

Defendant also argues that the statute is unconstitutionally vague since: (1) it provides no guidance on how to apply the five percent limitation, and (2) it is unclear to what types of actions the statute applies. Defendant has failed to provide us with any supporting authority. Therefore, we decline to address this issue.[2] See *Goolsby v Detroit,* 419 Mich 651, 655, n 1; 358 NW2d 856 (1984); *Community Nat'l Bank v Michigan Basic Property Ins Ass'n,* 159 Mich App 510, 520-521; 407 NW2d 31 (1987).

II

Defendant asserts that the trial judge erred in

---

[2] Given the facts in this case, any error based on the alleged ambiguity of the statute is harmless beyond a reasonable doubt.

calculating the percentage of fault attributable to each party, and in reapportioning some of plaintiff's fault to him. The judge instructed the jury to find the relative degrees of the parties' comparative fault and the percentage of plaintiff's fault attributable to her failure to wear a safety belt. He instructed also that the amount of fault attributable to failure to wear a belt could range from zero to one hundred percent; the maximum effect that percentage could have on plaintiff's degree of fault was five percent. Although the verdict form and instructions were confusing, defendant never objected.

Defendant proposed a judgment for plaintiff of $20,605.50 plus interest and costs. The actual judgment entered was $20,340 plus interest and costs, $265.50 less than defendant's suggestion. Therefore, even if the judge erred in computing the comparative negligence and although the jury instructions or verdict form were confusing, any error was harmless beyond a reasonable doubt.

### III

Defendant argues that the court erred in denying him costs for his expert witness fees, since plaintiff was more negligent than he. MCR 2.625. Costs are allowed to the prevailing party, unless the court directs otherwise. MCR 2.625(A)(1). The party who prevails on the entire record is deemed the prevailing party. MCR 2.625(B)(2).

In order to be considered the prevailing party, defendant was required to show at the very least that he improved his position by the litigation. *Stamp v Hagerman,* 181 Mich App 332, 337; 448 NW2d 849 (1989). He has failed to do so. Therefore, we find that the judge did not abuse his

discretion in denying costs to defendant. See *Michigan Tax Management Services Co v City of Warren,* 437 Mich 506, 507; 473 NW2d 263 (1991).

IV

Lastly, defendant argues that the court erred in awarding costs and attorney fees to plaintiff. Costs are payable to a party making an offer to stipulate to entry of judgment:

> If the adjusted verdict is more favorable to the offeror than the average offer, the offeree must pay the offeror the offeror's actual costs incurred in the prosecution or defense of the action. [MCR 2.405(D)(1).]

The adjusted verdict is the verdict plus interest and costs from the filing of the complaint through the date of the offer. MCR 2.405(A)(5). Actual costs include attorney fees. MCR 2.405(A)(6). MCR 2.405 and MCR 2.625 must be read in conjunction; a prevailing party must recover an adjusted verdict in excess of the average offer. *Stamp,* 337-338.

Here, plaintiff offered to stipulate to a $25,000 judgment. Defendant failed to respond. MCR 2.405(C)(2)(b). Therefore, the average offer was $25,000. The judgment for plaintiff was $20,340 plus interest and costs. Adding interest, the judgment was $27,653.95, $2,653.95 higher than the average offer. The judge awarded $2,927.65 in costs under MCR 2.625, and $10,282.38 in attorney fees under MCR 2.405.

We find that the trial judge did not abuse his discretion in awarding plaintiff her costs. The verdict was in excess of the average offer, and plaintiff prevailed on the entire record.

Affirmed.