THOMPSON v FITZPATRICK

Docket No. 132793. Submitted November 19, 1992, at Detroit. Decided December 15, 1992; approved for publication March 17, 1993, at 9:00 A.M. Leave to appeal denied, 442 Mich —.

John M. Thompson brought an action in the Wayne Circuit Court against Stacy L. and Thomas Fitzpatrick, seeking damages for injuries received when the automobile that he was driving was struck by an automobile driven by Stacy and owned by Thomas. The parties stipulated that the plaintiff sustained · $250,000 in damages, $125,000 of which would have been prevented had he been wearing his seat belt. The court, James A. Hathaway, J., found that MCL 257.710e; MSA 9.2410(5), which limits to five percent the reduction of damage awards for comparative negligence as the result of the failure to use a seat belt, is constitutional and applicable in this case and granted summary disposition for the plaintiff. The defendants appealed.

The Court of Appeals *held:*

1. The statutory limitation of the reduction for comparative negligence because of failure to use a seat belt has a reasonable relationship to a legitimate public purpose and does not deny a defendant due process or equal protection. The trial court properly held the statutory limitation to be constitutional.

2. The limitation is applicable equally to claims of comparative negligence based on the common law and to claims of comparative negligence based on a violation of the statutory mandate for seat belt use.

Affirmed.

*Czeryba & Godfrey, P.C.* (by *Dennis J. Czeryba* and *Mark D. Clegg*), for the plaintiff.

*Garan, Lucow, Miller, Seward, Cooper & Becker, P.C.* (by *James L. Borin* and *Mary T. Nemeth*), for the defendants.

Before: DOCTOROFF, C.J., and MURPHY and CAVANAGH, JJ.

Per Curiam. Defendants appeal from the order of the circuit court granting plaintiff's motion for summary disposition pursuant to MCR 2.116(C)(9). We affirm.

On August 15, 1987, defendant Stacy Fitzpatrick was driving an automobile owned by her father, defendant Thomas Fitzpatrick, when she struck an automobile driven by plaintiff. Plaintiff, who was not wearing a seat belt, was thrown from his automobile and seriously injured. Plaintiff filed this personal injury action against defendants. The parties stipulated the entry of a partial consent judgment in which the parties agreed that plaintiff sustained $250,000 in damages, $125,000 of which would have been prevented had plaintiff been wearing his seat belt at the time of the accident, and thus plaintiff's comparative negligence for not wearing the seat belt was greater than five percent. After the motion for partial consent judgment was granted, the circuit court granted plaintiff's motion for summary disposition, finding the five percent comparative negligence limitation under the MCL 257.710e; MSA 9.2410(5) to be constitutional and applicable.

Defendants contend that the circuit court erred in applying the five percent limitation of MCL 257.710e; MSA 9.2410(5). Defendants contend that the limitation applies only where a defendant uses the plaintiff's violation of the statute to establish a presumption of comparative negligence, not where a defendant chooses to establish a plaintiff's comparative negligence under common law. Defendants further contend that the five percent limitation of the seat belt statute is unconstitutional. We disagree, in light of this Court's decision in *Ullery v Sobie,* 196 Mich App 76; 492 NW2d 739 (1992).

The use of seat belts is mandated by MCL 257.710e(3); MSA 9.2410(5)(3). Failure to wear a

seat belt in violation of that section may be considered evidence of negligence, but may not reduce a plaintiff's recovery by more than five percent. MCL 257.710e(6); MSA 9.2410(5)(6). Before the imposition of this requirement by the enactment of 1985 PA 1, evidence of the failure of a plaintiff to wear a seat belt was not admissible to prove comparative negligence. *Ullery, supra,* 80.

In *Ullery,* the plaintiff was injured in an automobile accident during which she was not wearing her seat belt. The trial court determined that pursuant to the seat belt statute, the plaintiff's recovery could be reduced by no more than five percent on the basis of her comparative negligence for failure to wear her seat belt. The defendant appealed, challenging the constitutionality of the seat belt statute and contending that the statute denied the defendant the common-law right to assert comparative negligence. This Court affirmed, holding that the statutory provision was constitutional because the five percent limitation had a reasonable relationship to a legitimate public purpose and therefore did not impermissibly deny the defendant due process under US Const, Am XIV; Const 1963, art 1, § 17, by denying the defendant the right to proceed under a common-law theory of comparative negligence. This Court similarly held that the statute did not deny the defendant equal protection under US Const, Am XIV; Const 1963, art 1, § 2, and was not impermissibly vague. *Ullery, supra,* 80. We are compelled by Administrative Order No. 1990-6, 436 Mich lxxxiv, to follow the binding precedent of *Ullery.* We therefore similarly hold in this case that the seat belt statute is not unconstitutional.

Defendants suggest that this Court can avoid the constitutional analysis of *Ullery* by declaring that the five percent limitation applies only to those

suits in which a defendant pursues the comparative negligence defense of nonuse of a seat belt by introducing evidence of a plaintiff's violation of the statute and not where the defense is raised pursuant to common law. Our primary goal when interpreting statutes is to ascertain and give effect to the intent of the Legislature. *Joy Management Co v Detroit,* 176 Mich App 722, 730; 440 NW2d 654 (1989). We construe statutory language reasonably in light of the purpose of the act. *Dep't of Social Services v Brewer,* 180 Mich App 82, 84; 446 NW2d 593 (1989). Statutes should be construed to avoid absurd or unreasonable results. *Reisman v Regents of Wayne State Univ,* 188 Mich App 526, 536; 470 NW2d 678 (1991). The five percent cap is intended by the Legislature to protect plaintiffs against drastic reduction in damage awards. *Ullery, supra,* 80. If defendants' argument were to be adopted, no rational defendant would raise the statute to establish comparative negligence for failure to wear a seat belt, but would circumvent the statutory cap by instead pursuing the identical defense under common law. We will not construe the statute in a manner that produces this absurd result.

Defendants also contend that the coexistence of the common-law seat belt defense that they claim was permitted by *Lowe v Estate Motors Ltd,* 428 Mich 439; 410 NW2d 706 (1987), combined with the statutory maximum of a five percent reduction for front seat passengers, results in back seat passengers who fail to use seat belts being subject to a potential one hundred percent reduction of recovery, while front seat passengers who fail to use seat belts have a maximum five percent reduction. We note that *Lowe* was an automobile products liability action, which occurred before the

enactment of MCL 257.710e; MSA 9.2410(5), and that our Supreme Court limited its holding in *Lowe* to the admissibility of evidence concerning the existence and use of seat belts for the purpose of establishing comparative negligence as an affirmative defense and for the purpose of "defending the design of the vehicle in cases in which the 'crashworthiness' doctrine is asserted as a theory of liability." *Lowe, supra,* 444. Our Supreme Court used a common-law analysis and specifically stated that it expressed no opinion concerning the future applicability of MCL 257.710e; MSA 9.2410(5) in cases in which the injury occurred after the effective date of the statute and where a plaintiff had failed to use a seat belt in violation of that statute. *Lowe, supra,* 475, n 24. Our Supreme Court in *Lowe* was well aware of the Legislature's mandate limiting the reduction of damages for nonuse of seat belts to five percent when it issued its decision. We conclude, as did our Supreme Court, that this is a legislative concern. *Lowe, supra,* 469.

Affirmed.

CAVANAGH, J. I concur in the result only.