GORA v CITY OF FERNDALE (ON REMAND)

Docket No. 194745. Submitted May 10, 1996, at Lansing. Decided June 21, 1996, at 9:05 A.M. Leave to appeal sought.

Hildegard Gora, The Loving Touch, Inc., and other massagists and operators of massage establishments in the City of Ferndale brought an action in the Oakland Circuit Court against the City of Ferndale and the city clerk, alleging both that the Ferndale ordinance regulating massagists and massage establishments was unenforceable because state legislation had preempted the field and that certain of the provisions of the ordinance deprived them of constitutionally protected rights. The court, Deborah G. Tyner, J., found that the state statutory scheme in the Occupational Code governing myomassology, MCL 339.1701 *et seq.*; MSA 18.245(1701) *et seq.*, was not pervasive enough to evidence a legislative intent to preempt local regulation of massagists, but did find that several of the provisions of the ordinance were unconstitutional and, thus, unenforceable. The city appealed. The Court of Appeals, MURPHY, P.J., and MICHAEL J. KELLY and SAAD, JJ., vacated the order of the circuit court, holding that the regulation of myomassology by the state under the Occupational Code preempted local regulation of the field. 210 Mich App 622 (1995). The Supreme Court, in lieu of granting leave to appeal, vacated the judgment of the Court of Appeals and remanded the case to the Court of Appeals for reconsideration in light of 1995 PA 104 and for consideration of the issues that had been raised but not addressed in the initial appeal. 451 Mich 875 (1996).

On remand, the Court of Appeals *held*:

1. The provisions of the Ferndale ordinance requiring that massagists must be graduates of a recognized school or institution that taught massage and requiring that both massage parlors and massagists have valid city permits to practice their trade in Ferndale were rationally related to the legitimate public purpose of discouraging surreptitious prostitution at massage parlors and, thus, were a valid exercise of the city's police powers. Accordingly, the trial court erred in holding that the provisions of the ordinance relating to the education of massagists and the securing of a city permit to practice the trade were an infringement of the constitutional right of due process of the law.

2. The question whether the ordinance's prohibition of mixed-gender massages is an infringement of the constitutional right of equal protection of the law is reviewed under the heightened-scrutiny test. The city had the burden of showing that this gender-based classification served an important public purpose and that the classification was substantially related to that purpose. Although the prevention of prostitution at massage parlors is an important public purpose, the city failed to show that such a broad prohibition was sufficiently related to that purpose. Accordingly, the trial court did not err in holding that the mixed-gender provision infringed on the constitutional right of equal protection of the law.

3. The trial court did not err in holding that the provision of the ordinance permitting searches of the premises of massage parlors at any time was unconstitutional. The constitutional right to be free from unreasonable searches and seizures is applicable to commercial buildings. The exception to the warrant requirement for businesses that have a history of pervasive or close regulation is not applicable, because the massage parlor business has no such long history of pervasive regulation in Michigan.

4. The provisions of the ordinance relating to the touching of sexual or genital areas are not so indefinite as to give a trier of fact unlimited discretion to determine whether a violation took place. Accordingly, the trial court erred in holding those provisions to be unconstitutionally vague.

Affirmed in part and reversed in part.

1. LICENSES — MASSAGISTS — MUNICIPAL CORPORATIONS.

A city in the exercise of its police powers may properly set educational requirements for massagists and require massagists and massage parlors within the city to obtain a permit to carry on that trade.

2. SEARCHES AND SEIZURES — MASSAGE PARLORS — MUNICIPAL CORPORATIONS — SEARCH WARRANTS.

A city may not as part of an ordinance regulating the operation of massage parlors within the city require that massage parlors permit inspection of their premises by city personnel at any time without a search warrant.

*Stephen M. Taylor, P.C.* (by *Stephen M. Taylor*), for Hildegard Gora.

*Rubin & Rubin* (by *Carl L. Rubin*), for the Loving Touch, Inc., and others.

*Brian M. Smith & Associates, P.C.* (by *Brian M. Smith*), for the City of Ferndale.

ON REMAND

Before: MURPHY, P.J., and MICHAEL J. KELLY and SAAD, JJ.

PER CURIAM. On May 19, 1995, we issued our opinion in this matter, *Gora v Ferndale*, 210 Mich App 622; 533 NW2d 840 (1995). On April 29, 1996, our Supreme Court, in lieu of granting leave to appeal, issued an order remanding this case for reconsideration in light of 1995 PA 104 and for consideration of the issues raised but not addressed in our original opinion. *Gora v Ferndale* 451 Mich 875 (1996).[1] On remand, we considered defendant City of Ferndale's arguments that the circuit court erred in finding unconstitutional certain portions of its ordinance regulating massage parlors and practitioners (massagists). We affirm in part and reverse in part.

Ferndale's Ordinance No. 832, amended by Ordinance No. 836, contained numerous provisions regulating massage parlors and massagists. Section 7-247(a) and (b) require that both massage parlors and massagists have valid city permits to practice their trade in Ferndale. Sections 7-249 and 7-250 set forth the requirements for obtaining such permits. In order to obtain a massage parlor license, § 7-249(m)

---

[1] We previously determined that the City of Ferndale's ordinance was preempted by those portions of the Occupational Code regulating myomassology, MCL 339.1701 *et seq.*; MSA 18.425(1701) *et seq.* Since the release of our original opinion, the Legislature passed 1995 PA 104, which repealed those sections of the Occupational Code that dealt with myomassology. Accordingly, the Occupational Code no longer preempts local regulation of massage parlors and massagists.

requires that the applicant show proof of having graduated from a "recognized school or other institution of learning" that taught massage. Similarly, in order to obtain a massagist's permit, an applicant must show proof of graduation from a recognized school or of being currently enrolled in a recognized school. Section 7-247(k) defines recognized school or massage school as including "any school or educational institution licensed to do business in the state in which it is located, or any school recognized by . . . the American Massage and Therapy Association, Inc., and which has for its purpose the teaching of . . . massage."

Section 7-266 of the ordinance specifies several unlawful acts. Section 7- 266(a) prohibits massagists from treating persons of the opposite sex except upon the signed order of a licensed physician, chiropractor, or physical therapist. Massage parlors are required to keep specific records of any such mixed-gender massages, and such records are subject to inspection by police. Section 7-266(b) prohibits any person in a massage establishment from touching "a sexual or genital part of any other person." Section 7-266(b) provides that "sexual or genital parts shall include the genitals, pubic area, buttocks, anus, or perineum of any person, or the vulva or breasts of a female." Section 7-266(c) similarly prohibits any person in a massage establishment from "exposing his or her sexual or genital parts . . . to any other person." Section 7-266(d) makes it illegal for persons in massage establishments "to fail to conceal with a fully opaque covering, the sexual or genital parts of his or her body."

Section 7-265 of the ordinance allows the chief of police or authorized inspectors from the city to inspect massage businesses to determine compliance with the ordinance and makes it illegal to refuse access to the premises or otherwise hinder such an inspection.

Additionally, § 7-261 prohibits anyone less than eighteen years old from being on the premises of a massage parlor, and § 7-255(b) requires that every patron of a massage parlor provide proof of identity by showing a valid driver's license or similar identification.

The circuit court concluded that the educational requirements of §§ 7-249(m) and 7-250(i) violated plaintiffs' due process rights because those requirements constituted an unreasonable and undue burden on the plaintiffs' right to practice their profession. The circuit court noted that the risk of potential harm from the nontherapeutic massages practiced by plaintiffs was minimal, so the educational standards were not necessary.

The circuit court found that the prohibition against mixed-gender massage contained in § 7-266(a) violated the constitutional rights of privacy and association and that the blanket-type classification by sex was prohibited by the Equal Protection Clause of the Fourteenth Amendment. The circuit court found that the requirement that a patron show identification did not violate privacy rights, but that any record keeping requirements would violate privacy rights.[2]

---

[2] On appeal, the city maintains that its ordinance does not require massage parlors to keep records of their customers.

The circuit court found that § 7-265 violated the constitutional right of privacy and was unduly oppressive because it provided for criminal prosecution for refusing to allow inspection and did not limit inspections to business hours and other reasonable times. The court noted that § 7-265 did not clearly establish that a massagist who conducts massages in private homes would not be subject to the same provisions providing for searches without a warrant. The court found that a provision allowing an initial inspection upon issuance of a permit to ensure compliance and reasonable inspections without a warrant during reasonable times and under reasonable conditions could be permissible.

Finally, the circuit court concluded that § 7-266(b), (c), and (d), prohibiting touching or exposure of sexual or genital body parts, were void for vagueness because they encouraged arbitrary enforcement. The court further found that the absence of a scienter requirement created the possibility that innocent or inadvertent acts would be punished and that the language of the ordinance was not sufficiently precise because it failed to give fair warning of what type of exposure would run afoul of the law.

Following entry of the circuit court's opinion, defendant moved for a remand to correct the opinion because the final order indicated that § 7-255(b) of the ordinance was unconstitutional. On remand, the circuit court issued an order nunc pro tunc correcting the prior error.[3]

---

[3] On appeal, defendant argues that the circuit court erred in its ruling regarding § 7-255(b) of the ordinance. Because defendant has already received the requested relief by means of the circuit court's order nunc

I

Defendant argues that the circuit court erred in finding §§ 7-249 and 7-250 of defendant's ordinance to be unconstitutional. We agree. The educational and licensing requirements of the ordinance do not violate constitutional guarantees of due process of law.

The right to engage in business is subject to the state's police powers to enact laws in furtherance of the public health, safety, welfare, and morals. *Grocers Dairy Co v Dep't of Agriculture Director*, 377 Mich 71, 75; 138 NW2d 767 (1966). Statutes and ordinances are presumed constitutional, and courts should construe them in a constitutional manner. *Detroit v Qualls*, 434 Mich 340, 364; 454 NW2d 374 (1990); *Ullery v Sobie*, 196 Mich App 76, 79; 492 NW2d 739 (1992). The party challenging an ordinance has the burden of proving it invalid. *Id.* at 79.

The due process guarantees under the Michigan Constitution, Const 1963, art 1, § 17, provide no greater protection than those guaranteed by the United States Constitution. *Saxon v Dep't of Social Services*, 191 Mich App 689, 698; 479 NW2d 361 (1991). Where an ordinance is challenged on substantive due process grounds because of its interference with economic or business activity, the challenger must establish either that no legitimate public purpose is served by the legislation or that there is no rational relationship between the ordinance's provisions and a legitimate public purpose. *Qualls, supra* at 365; *Ullery, supra* at 80; *Ludington & N R Co v*

pro tunc, this issue is moot and will not be addressed on appeal. *People v Greensburg*, 176 Mich App 296, 302; 439 NW2d 336 (1989).

*Epworth Assembly,* 188 Mich App 25, 43-44; 468 NW2d 727 (1991).

A review of the pertinent provisions of defendant's ordinance shows that the ordinance was designed to serve a legitimate public purpose, namely, to discourage surreptitious prostitution at massage parlors. This public purpose was related to the public health, safety, welfare, and morals. The licensing and education requirements of §§ 7-249 and 7-250 were rationally related to this public purpose because they ensured that only persons who possessed a certain amount of training in myomassology could be licensed as massagists in Ferndale. The ordinance requirements would have the effect of ensuring that only serious practitioners of massage would be operating massage parlors or be employed as massagists, thereby decreasing the likelihood that a massage establishment would merely be a front for prostitution.

II

Defendant argues that the circuit court erred in finding § 7-266(a) of its ordinance unconstitutional. We disagree. Section 7-266(a)'s prohibition of mixed-gender massage violates equal protection of law.

The equal protection guarantees contained in Michigan's constitution, Const 1963, art 1, § 2, provide no greater protection than those guaranteed under the Fourteenth Amendment of the United States Constitution. *Doe v Dep't of Social Services,* 439 Mich 650; 672; 487 NW2d 166 (1992). Equal protection analysis depends upon the type of statutory classification and the nature of the interest affected. *Ullery, supra* at 81.

Where the legislative classification does not involve a suspect classification or interference with a fundamental right, we use the rational-basis test, under which a statutory classification is upheld where it is rationally related to a legitimate government purpose. *Doe, supra* at 662.

Where the statutory scheme creates a classification based upon suspect factors such as ethnicity or national origin, or impinges upon the exercise of a fundamental right, we use the strict-scrutiny test. Under strict scrutiny, a statutory classification is upheld only where the state demonstrates that its classification scheme has been precisely tailored to serve a compelling government interest. *Id.* at 662.

Classification schemes based upon gender uses the intermediate or heightened-scrutiny test. *Dep't of Civil Rights v Waterford Twp Dep't of Parks & Recreation*, 425 Mich 173, 191; 387 NW2d 821 (1986). To pass heightened scrutiny, the classification must serve an important governmental purpose and must be substantially related to achieving that important government objective. *Id.* Under heightened scrutiny, the state or municipality bears the burden of showing that the interest is important and that the means is substantially related to the desired end. *Id.* at 196. Our Supreme Court noted: Facts and circumstances play a large part in assessing the end-means relationship. While the [substantial] relationship need not be perfect, *it should be close.*" *Id.* at 202 (emphasis added).

Section 7-266(a) of defendant's ordinance is directed at an important public purpose, mainly the prevention of prostitution at massage parlors. Defendant's brief does not explain how the means of prohib-

iting mixed-gender massage is substantially related toward this end. Although prohibiting massage performed upon persons of the opposite gender would certainly prevent any sort of heterosexual contact between female masseuses and male customers, it would also cut the available number of plaintiff's prospective customers in half, significantly affecting their business. Although defendant's goal is legitimate, the prohibition applied to accomplish that goal is far too broad to be considered substantially related under the heightened-scrutiny test.

III

Defendant argues that the circuit court erred in finding unconstitutional § 7-265 of its ordinance, which permitted searches of premises without a warrant. We disagree. The circuit court properly concluded that § 7-265 is unconstitutional and invalid to the extent that it authorizes inspections or searches without a warrant or the equivalent.

The Fourth Amendment of the United States Constitution protects commercial buildings from unreasonable searches and seizures. *Marshall v Barlow's, Inc*, 436 US 307, 311-312; 98 S Ct 1816; 56 L Ed 2d 305 (1978). In *Marshall*, the United States Supreme Court concluded that statutes allowing the search of a commercial building without a warrant or the equivalent violated Fourth Amendment guarantees against illegal searches and seizures. *Id.* at 310, 325. However, statutes can allow inspections pursuant to regulations and judicial processes that satisfy Fourth Amendment requirements. *Id.* Additionally, certain businesses and industries have such a history of government oversight that no reasonable expectation of privacy can

exist. By choosing to participate in such pervasively or closely regulated businesses, the business owner has chosen to voluntarily subject himself to all applicable government regulations, including inspections without a warrant. *Id.* at 313; see also *Tallman v Dep't of Natural Resources*, 421 Mich 585, 604-605; 365 NW2d 724 (1984). Such pervasively regulated businesses include the liquor and firearms industries. *United States v Biswell*, 406 US 311; 92 S Ct 1593; 32 L Ed 2d 87 (1972); *Colonnade Catering Corp v United States*, 397 US 72; 90 S Ct 774; 25 L Ed 2d 60 (1970). The pervasiveness and regularity of an enforcement scheme, rather than its longevity, are the relevant considerations to determine whether a business falls within this exception. *Tallman, supra* at 607.

In *Marshall, supra* at 313, the Supreme Court pointed out that the closely regulated industry is the rare exception, rather than the rule. The massage parlor business does not have a long history of regulation in Michigan and is not pervasively or closely regulated at this time. Although the Occupational Code at one time covered the regulation of massage establishments and practitioners, no state-wide rules were ever promulgated regulating commercial massage parlors or massages. The fact that plaintiffs have opted to open massage parlors or practice massage does not signify consent to subject themselves to searches or inspections that do not comply with Fourth Amendment requirements.

IV

Defendant argues that the circuit court erred in concluding that subsections b, c, and d of § 7-266 were unconstitutionally vague. We agree.

Statutory language that forbids an act in terms so vague that a person of common intelligence must guess at its meaning violates due process of law. *People v Capriccioso*, 207 Mich App 100, 102; 523 NW2d 846 (1994). Statutory language is unconstitutionally vague under three circumstances: (1) where it is over-broad and impinges on First Amendment freedom, (2) where it fails to provide fair notice of the proscribed conduct, or (3) where it is so indefinite as to confer unstructured and unlimited discretion upon the trier of fact to determine whether an offense has been committed. *People v Hayes*, 421 Mich 271, 283; 364 NW2d 635 (1984).

An ordinance must be interpreted in a constitutional manner if possible. *Qualls, supra* at 364. Subsection b, c, and d of § 7-266 of defendant's ordinance are not unconstitutionally vague. The prohibition against the exposure or touching of sexual or genital areas does not impinge upon First Amendment freedoms. These provisions clearly define a sexual or genital area and provide fair notice of the proscribed conduct. For example, § 7-266(b) states that it is "unlawful for any person, in a massage establishment . . . to touch . . . the sexual or genital parts of any other person" and defines sexual or genital parts as "the genitals, pubic area, buttocks, anus, or perineum . . . or the vulva or breasts of a female." Section 7- 266 is not so indefinite as to give a trier of fact unlimited discretion to determine whether a violation took place. Nor is a scienter element necessary to make the proscribed conduct criminal; a legislative body may define a crime without regard to the presence of specific criminal intent. *People v McKee*, 15 Mich App 382, 385; 166 NW2d 688 (1968).

For the above reasons, we reverse the circuit court's findings that §§ 7-249, 7-250, and 7-266(b)-(d) of Ferndale's ordinance are unconstitutional. We affirm the circuit court's findings that § 7-266(a) is unconstitutional and invalid to the extent that it prohibits mixed-gender messages and that § 7-265 is unconstitutional and invalid to the extent that it authorizes inspections or searches without a warrant or the equivalent.