## JONAS v CARISSIMI

Docket No. 171812. Submitted April 10, 1996, at Detroit. Decided October 22, 1996, at 9:05 A.M.

Paula Carissimi, as personal representative of the estate of Theresa Carissimi, deceased, brought an action in the Macomb Circuit Court against Herbert and Eleanor Jonas, seeking damages for the wrongful death of Theresa, who died as a result of injuries sustained when a vehicle driven by Eleanor Jonas struck a vehicle driven by Theresa's father, Aldon Carissimi. Theresa, who was eight years old at the time, was in the front passenger seat of her father's vehicle and allegedly was not wearing a safety belt. The Jonases filed a third-party claim against Aldon Carissimi, alleging that they were entitled to contribution because of his failure to ensure that Theresa was secured by a safety belt as required by MCL 257.710e(4); MSA 9.2410(5)(4). Aldon Carissimi filed a motion for summary disposition, and the court, Raymond R. Cashen, J., took the matter under advisement. The plaintiff then amended her complaint to include Aldon Carissimi as a party defendant. The court granted Aldon Carissimi's motion, determining that because Mr. Carissimi's liability arose out of the statute, he was not a joint tortfeasor with the Jonases, and thus the Jonases were barred from bringing a contribution action. The court recognized that, as a result of its ruling, the plaintiff could dismiss Mr. Carissimi as a party defendant, leaving the Jonases to bear the entire amount of the damages award, regardless of Mr. Carissimi's negligence or statutory violation, if any. Accordingly, the court determined that MCL 257.710e(6); MSA 9.2410(5)(6), which limits to five percent the amount a recovery for damages may be reduced because of negligence attributable to the failure to wear a safety belt as required by the statute, applies to a contribution claim against a defendant where the claim is based on the failure to secure a safety belt on a child as required by the statute and where the defendant stands to gain from the potential award of damages. The opinion, however, was unclear regarding whether the trial court allowed contribution against Mr. Carissimi. The Jonases appealed.

The Court of Appeals *held*:

1. The trial court erred in determining that the contribution action could not proceed on the basis that Mr. Carissimi was not a

joint tortfeasor because his liability arose out of the statute rather than out of negligence. Although Mr. Carissimi's duty, if any, arose out of the statute, any liability he must bear is common with the Jonases in the sense that Theresa suffered a single, indivisible injury as a result of the negligence that led to the accident and the alleged failure to wear her safety belt. The portion of the opinion holding that the Jonases' contribution action must fail because Mr. Carissimi was not a joint tortfeasor in this action must be reversed.

2. The matter must be remanded to allow the contribution claim to proceed. The contribution action is not forestalled by the settlement reached by the parties in the underlying case before this appeal was taken.

3. The trial court erred in holding that the five-percent cap limited the amount the Jonases could recover from Mr. Carissimi in a contribution cause of action. The five-percent cap does not apply to this case. The five-percent cap in the statute applies only to limit the reduction of the recovery available to plaintiffs who fail to wear their safety belts.

Reversed and remanded.

G. C. STEEH, III, J., dissenting in part, stated that the statute does not limit the application of the five percent cap to only those actions brought by an injured party. The statutory limitation on recovery should not be ignored in a contribution action that is strictly derivative of the first action. The part of the trial court's opinion that applied the cap to the derivative contribution claim should be affirmed.

1. TORTS — CONTRIBUTION — NONJOINT TORTFEASORS.

There is no bar against contribution among nonjoint tortfeasors; the right of contribution exists among nonintentional wrongdoers who share a common liability; common liability exists among individuals who are responsible for an accident that produces a single indivisible injury (MCL 600.2925a; MSA 27A.2925[1]).

2. TORTS — CONTRIBUTION — SETTLEMENTS WITH CLAIMANTS.

A tortfeasor who enters into a settlement with a claimant is not entitled to recover contribution from another tortfeasor where any of the following circumstances exist: the liability of the contributee for the injury or wrongful death is not extinguished by the settlement, a reasonable effort was not made to notify the contributee of the pendency of the settlement negotiations, the contributee was not given a reasonable opportunity to participate in the settlement negotiations, or the settlement was not made in good faith (MCL 600.2925a[3]; MSA 27A.2925[1][3]).

3. NEGLIGENCE — COMPARATIVE NEGLIGENCE — FAILURE TO USE SAFETY BELT.
  The five-percent limit on the amount a recovery for damages may be
  reduced because of negligence attributable to the failure to wear a
  safety belt applies only to limit the reduction of the recovery avail-
  able to plaintiffs who fail to wear their safety belts (MCL
  257.710e[6]; MSA 9.2410[5][6]).

*Kohl, Secrest, Wardle, Lynch, Clark & Hampton* (by *Michael L. Updike*), for Herbert and Eleanor Jonas.

*Thomas D. Rinehart*, for Aldon Carissimi.

Before: NEFF, P.J., and JANSEN and G. C. STEEH, III,* JJ.

NEFF, P.J. This appeal stems from the circuit court's order of summary disposition for third-party defendant, Aldon Carissimi, dismissing the contribution claim brought by third-party plaintiffs, the Jonases. They appeal that order as of right, and we reverse and remand for proceedings consistent with this opinion.

I

The material facts of this case are not in dispute. In June 1991, Aldon Carissimi was operating his motor vehicle while his eight-year-old daughter, Theresa Carissimi, rode in the front passenger seat, allegedly without wearing her seat belt. At some point on the day in question, an automobile driven by Eleanor Jonas struck the vehicle driven by Mr. Carissimi and, Theresa was thrown against the windshield and eventually died from the injuries she sustained.

* Circuit judge, sitting on the Court of Appeals by assignment.

In the initial cause of action, plaintiff, Paula Carissimi, as personal representative of Theresa's estate, sued the Jonases for wrongful death. The Jonases then filed a third-party claim against Mr. Carissimi, alleging they were entitled to contribution because of his failure to ensure that Theresa was secured by a seat belt as required by MCL 257.710e(4); MSA 9.2410(5)(4). Mr. Carissimi then filed a motion for summary disposition, but the trial court took the matter under advisement to allow further discovery to occur.

Subsequently, plaintiff amended her complaint and included Mr. Carissimi as a party defendant. Mr. Carissimi then renewed his motion for summary disposition, arguing that the contribution action was not necessary because the relative fault of the defendants in a negligence case is a question for the jury.

The trial court granted Mr. Carissimi's motion, but for reasons other than those argued by the parties. The court first determined that because Mr. Carissimi's liability arose out of the statute, he was not a joint tortfeasor with the Jonases, and thus they were barred from bringing a contribution action. The court then recognized that, as a result of its ruling, plaintiff could simply dismiss Mr. Carissimi as a party defendant, leaving the Jonases to bear the entire amount of the damages award, regardless of Mr. Carissimi's negligence or statutory violation, if any. Accordingly, the court determined that the five-percent limit in MCL 257.710e(6); MSA 9.2410(5)(6) on the amount a recovery for damages may be reduced because of negligence attributable to the failure to wear a seat belt in violation of the statute applies to a contribution claim against a defendant where the claim is based on the

failure to secure a seat belt on a child in violation of the statute and the defendant stands to gain from the potential award of damages. The opinion, however, is unclear regarding whether the trial court allowed contribution against Mr. Carissimi.

II

We first address whether the trial court erred in following *Virgilio v Hartfield*, 4 Mich App 582; 145 NW2d 367 (1966), and determining that the contribution action could not proceed on the basis that Mr. Carissimi was not a joint tortfeasor because his liability arose out of the statute rather than out of negligence. We find this ruling to have been in error.

In *Salim v LaGuire*, 138 Mich App 334, 341; 361 NW2d 9 (1984), this Court examined the contribution statute, MCL 600.2925a; MSA 27A.2925(1), in the context of a dramshop act cause of action, and reached the following conclusion:

> (1) [T]he former bar against contribution among nonjoint tortfeasors is abolished; (2) the right of contribution exists among nonintentional wrongdoers who share a common liability; and (3) common liability exists among individuals who are responsible for an accident which produces a single indivisible injury.

Thus, in *Salim*, this Court allowed a contribution action to proceed between a drunk driver, whose duty arose out of negligence, and the provider of the drinks, whose duty arose out of statute. *Id.* In reaching its conclusion, the Court in *Salim, supra* at 340-341, noted that the holding in *Virgilio, supra*, has been superseded.

We find *Salim* applicable here. Although Mr. Carissimi's duty, if any, arose out of the statute, any liabil-

ity he must bear is common with the Jonases in the sense that Theresa suffered a single, indivisible injury as a result of the combination of the negligence that led to the accident and the alleged failure to wear her seat belt. Therefore, we reverse that portion of the trial court's opinion holding that the Jonases' contribution action must fail because Mr. Carissimi was not a joint tortfeasor in this action.[1]

III

Although the parties settled the underlying case before this appeal was taken, we conclude that this case must be remanded to allow the contribution claim to proceed. MCL 600.2925a(3); MSA 27A.2925(1)(3) provides:

> A tort-feasor who enters into a settlement with a claimant is not entitled to recover contribution from another tort-feasor if any of the following circumstances exist:
>
> (a) The liability of the contributee for the injury or wrongful death is not extinguished by the settlement.
>
> (b) A reasonable effort was not made to notify the contributee of the pendency of the settlement negotiations.
>
> (c) The contributee was not given a reasonable opportunity to participate in the settlement negotiations.
>
> (d) The settlement was not made in good faith.

Because the settlement extinguished Mr. Carissimi's liability, he was on notice of the settlement, it appears he had every opportunity to participate in the settlement, and the settlement was made in good

---

[1] We express no opinion with regard to the merits of the Jonases' contribution claim against Mr. Carissimi.

faith, the contribution action is not forestalled by the settlement.[2]

IV

On remand, we restrict the issues the parties may litigate in only one way. Contrary to the trial court's conclusion, we hold that the five-percent cap in MCL 257.710e(6); MSA 9.2410(5)(6) does not apply to this case.

The statutory provision in question provides:

> Failure to wear a safety belt in violation of this section may be considered evidence of negligence and may reduce the recovery for damages arising out of the ownership, maintenance, or operation of a motor vehicle. However, such negligence shall not reduce the recovery for damages by more than 5%. [MCL 257.710e(6); MSA 9.2410(5)(6).]

In *Ullery v Sobie*, 196 Mich App 76, 80; 492 NW2d 739 (1992), this Court, while upholding the constitutionality of the five-percent cap, determined that its purpose was "to prevent the injured party from recovering substantially less based solely on the failure to wear a safety belt." Similarly, this Court in *Thompson v Fitzpatrick*, 199 Mich App 5, 8; 501 NW2d 172 (1993), held that the five-percent cap was "intended by the Legislature to protect plaintiffs against drastic reduction in damage awards."

Combining the statutory purpose behind the cap with the plain language of the statute, which provides that it applies only to "the recovery for damages," we

---

[2] Because the issue is not before us, we express no opinion with regard to whether Mr. Carissimi's alleged failure to ensure his daughter was buckled up constitutes negligence or may be used as evidence of negligence. .

conclude that the five percent cap in the statute applies only to limit the reduction of the recovery available to plaintiffs who fail to wear their seat belts. Any other interpretation would be contrary to the plain wording of the statute and, thus, is not permitted. *Lorencz v Ford Motor Co*, 439 Mich 370, 376; 483 NW2d 844 (1992).

Accordingly, we conclude that the trial court erred in holding that the five percent cap limited the amount the Jonases could recover from Mr. Carissimi in a contribution cause of action.

Reversed and remanded for proceedings consistent with this opinion. We do not retain jurisdiction.

JANSEN, J., concurred.

G. C. STEEH, III, J. *(concurring in part and dissenting in part).* I concur with the remand for allowance of the contribution claim for the reasons stated in the majority opinion.

However, I disagree with the majority's abrogation of the five-percent cap in MCL 257.710e(6); MSA 9.2410(5)(6). The majority clearly misreads the statute in limiting its application to actions brought by an injured party only. The statutory limitation on recovery should not be ignored in a contribution action that is strictly derivative of the first. Not only is such a limited application of the statute nonsensical, it is patently unfair. It is also unsupported by the clear, unambiguous language of the statute itself, where no such limited application is stated.

The trial court undertook a detailed, well-reasoned analysis of this statute. That opinion correctly applied the cap to the derivative contribution claim. I would

affirm the decision of the trial court with regard to this issue.