George MOISENKO, in his capacity as the personal representative of the estate of Jutta Moisenko, deceased, and individually, Plaintiff,

v.

VOLKSWAGEN AG, a corporation of the German Federal Republic, jointly and severally, Defendant, Counter–Plaintiff, Third Party Plaintiff,

v.

George MOISENKO, individually, Counter–Defendant,

and

German Automotive, Inc., a Michigan corporation, jointly and severally, Third–Party Defendant,

No. 5:96 CV 49.

United States District Court, W.D. Michigan, Southern Division.

July 2, 1998.

Raymond R. Behan, Michael R. Behan, Schram, Behan & Behan, Okemos, MI, for Plaintiff.

David L. Harrison, Tolley, Vandenbosch & Walton, PC, Grand Rapids, MI, for Volkswagen Aktiengesellschaft, Defendant.

Steven L. Kreuger, PC, Grand Rapids, MI, for George Moisenko, German Automotive Inc.

## OPINION

ENSLEN, Chief Judge.

This matter is before the Court on the plaintiff/counter-defendant and third-party defendant's joint motion for summary judgment. Plaintiff George Moisenko filed this product liability action against automobile manufacturer Volkswagen AG, seeking dam-ages on a theory that his wife received "enhanced injuries" during an automobile crash as a result of defendant's defective product design. Defendant Volkswagen filed a counterclaim against Mr. Moisenko and a third-party complaint against German Automotive Corporation for contribution. The moving parties contend that defendant is not entitled to contribution under these circumstances. Upon review, the Court grants Mr. Moisenko and German Automotive's motion and dismisses defendant's counterclaim and third-party complaint.

### A. STANDARD

In reviewing a motion for summary judgment, this Court will only consider the narrow question of whether there are "genuine issues as to any material fact and [whether] the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). A motion for summary judgment requires that the Court view the " 'inferences to be drawn from the underlying facts ... in the light most favorable to the party opposing the motion.' " *Matsushita Electric Ind. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986) (quoting *United States v. Diebold, Inc.*, 369 U.S. 654, 655, 82 S.Ct. 993, 8 L.Ed.2d 176 (1962)). The opponent, however, has the burden of showing that a "rational trier of fact [could] find for the non-moving party [or] that there is a *'genuine issue for trial.'* " *Matsushita*, 475 U.S. at 587, 106 S.Ct. 1348. "The mere existence of a scintilla of evidence in support of plaintiff's position[, however,] will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Anderson v. Liberty Lobby*, 477 U.S. 242, 252, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

### B. BACKGROUND

This diversity action arises out of an automobile accident which took place on December 8, 1995. On that date, plaintiff George Moisenko was driving his wife Jutta, and friend, Manfred Ukelis, from Grand Rapids, Michigan to Michigan City, Indiana in a 1993 Volkswagen Eurovan owned by Moisenko's employer, German Automotive Corporation. While driving south on U.S. 131, plaintiff lost

control of the vehicle, which then crossed the median, and was hit by an oncoming car in the northbound lane. When the vehicle came to rest, Mr. Moisenko and Ukelis remained buckled into their seats unharmed, but Jutta Moisenko had been thrown from the vehicle and killed.

Plaintiff George Moisenko filed this "enhanced injury" product liability case, alleging that a design defect in either the rear door latch or the seat belt or both was the cause of Mrs. Moisenko's death and that she would not have been killed if the vehicle had been crashworthy. In addition to two design defect claims filed on behalf of his wife's estate, Mr. Moisenko also filed a derivative claim for loss of consortium. Defendant Volkswagen then filed a counterclaim against Mr. Moisenko and a third-party complaint against German Automotive for contribution "to reflect their pro rata share of liability for the injuries and damages claimed in [plaintiff's] amended complaint." Moisenko and German Automotive now argue that the counterclaim and third-party complaint should be dismissed for two reasons: 1) because defendant fails to state a claim for contribution; and 2) because decedent's estate has reached a settlement with both Mr. Moisenko and German Automotive.

## ANALYSIS

■ Under Michigan law, the right of contribution exists between "persons [who] become jointly or severally liable in tort for the same injury ...." MICH. COMP. LAWS § 600.2925a(1); *In re Air Crash Disaster*, 86 F.3d 498, 547 (6th Cir.1996). This right "exists[, however,] only in favor of a tort-feasor who has paid more than his pro rata share of the common liability and his total recovery is limited to the amount paid by him in excess of his pro rata share." § 600.2925a(2); *In re Air Crash Disaster*, 86 F.3d at 548. Indeed, the main purpose of this type of action is to "ensure[ ] that a common burden of liability is equitably distributed among responsible parties." *In re Air Crash Disaster*, 86 F.3d at 548. Common tort liability "exists [between] wrongdoers who are responsible for an accident which produces a single indivisible injury." *Carrisimi v. Jonas*, 219 Mich. App. 546, 550, 557 N.W.2d 148 (1996); *Dolinka VanNoord & Co. v. Oppenheimer & Co.*, 891 F.Supp. 1244, 1249 (W.D.Mich.1995).

Thus, to state a cause of action for contribution, plaintiff must show that: 1) common liability exists among the parties; and 2) the tortfeasor is exposed to greater liability for damages than would be its pro rata share. *In re Air Crash Disaster*, 86 F.3d at 548 (citations omitted); *Dolinka VanNoord & Co. v. Oppenheimer & Co.*, 891 F.Supp. 1244, 1249 (W.D.Mich.1995).

■ In the instant case, defendant Volkswagen argues that, because the parties from whom it seeks contribution are also liable for the injuries incurred by Jutta Moisenko, the parties share common liability and, therefore, defendant Volkswagen is entitled to contribution. Volkswagen fails to acknowledge, however, that there is a second component to this cause of action, namely that Volkswagen must be in danger of paying more than its fair share of the damages alleged. Plaintiff's cause of action, however, being based solely on an enhanced injury theory, could not have such a result. Indeed, plaintiff does not seek damages for all of his wife's injuries, only those enhanced by defendant. For plaintiff to recover, he must demonstrate that, but for that the alleged defect, plaintiff would not have incurred her enhanced injuries. *Sumner v. GMC*, 212 Mich.App. 694, 699, 538 N.W.2d 112 (1995) ("A manufacturer's liability in crashworthiness cases is limited [in that the manufacturer will] only be liable for that portion of the damage or injury caused by the defective design over and above the damage or injury that probably would have occurred as a result of the impact or collision absent the defective design."), *overruled on other grounds by Lopez v. GMC*, 224 Mich. App. 618, 569 N.W.2d 861 (1997). Thus, under this type of claim, it is not possible that defendant Volkswagen will be called upon to pay more than its fair share of the damages. *Carrasquilla v. Mazda Motor Corp.*, 963 F.Supp. 455, 459 n. 3 (M.D.Pa. 1997) ("[I]f 'enhanced injuries' cannot be shown, then no liability exists as to the manufacturer."). Furthermore, the very nature of the "crashworthiness" cause of action is that there is no common liability for the decedent's "enhanced injuries" in that plaintiff must prove that decedent's injuries are divisible to recover. *See In re Air Crash Disaster*, 86 F.3d at 548. Given that defen-

dant cannot satisfy either prong of the contribution cause of action, the Court holds that defendant fails to state a claim against Mr. Moisenko and German Automotive. *See Carrasquilla,* 963 F.Supp. at 459 n. 3 (noting that, although driver of vehicle who is exposed to liability for all damages could recover from manufacturer for contribution based on enhanced injuries, the converse is not true). Because the Court finds for the movants on this ground, the question of whether the parties' settlement bars contribution will not be addressed.

## CONCLUSION

For the foregoing reasons, the Court grants Moisenko and German Automotive's motion for summary judgment and dismisses Volkswagen's counterclaim and third-party complaint.

### *PARTIAL JUDGMENT*

In accordance with the Opinion entered this date,

**IT IS HEREBY ORDERED** that George Moisenko and German Automotive's motion for summary judgment, filed September 30, 1997 (dkt.# 55), is **GRANTED;**

**IT IS FURTHER ORDERED** that Volkswagen's Counterclaim and Third–Party Complaint are **DISMISSED.**